Parker, C. J.,
delivered the opinion of the Court. The only question to which we have turned our attention in this case, is, whether the written promise declared on is negotiable * in its nature, so that an action may be maintained upon it in the name of the plaintiff, who is assignee. And we are all of opinion that it is not so negotiable, on account of the contingency on which the payment of the money is made to depend.
All promises to pay money, being at common law dioses in action, were unassignable. It is only by virtue of the statute of 3 and 4 Anne, c. 9, that certain descriptions of them are assignable, so as that the property and the right of action vest in the assignee.
The paper declared on does not come within the description of notes made assignable by that statute. For it has been declared by frequent judicial decisions, that a note or bill, to attain that character, must be payable in money absolutely. A note or bill payable to bearer stands upon the same ground as a note payable to order. The only difference is in the mode of transfer. The latter must be by endorsement; the former may be by delivery; but both must contain a promise to pay money unconditionally.
The cases which show that an action may be maintained by an assignee, in his own name, are all where there has been, after the assignment, a promise to pay to the assignee; and to this effect the case of Fenner vs. Mears, 2 W. Black. 1269, is unquestionably good law ; and several cases have been decided by this Court upon the same principle. In this case, no promise is shown to pay to the assignee.
Cases were cited to show that the promise in this case is assignable in equity. But the difference between that, and an assignment un ler the statute of Anne, is too well known to need expía nation. The verdict is set aside, and

A new trial granted, 

(a)

 Bayley on Bills, c. 1, § 6, pp. 16—22,5th Land. ed.