KIMBALL & KINISTON *vs.* HUNTINGTON.

A plea *puis darrein continuance* waives all previous pleas; and if the matter of that plea be determined against the party, it is a confession of the matter in issue.

A *due bill*, i. e. a note in this form : "Due A. B. $325, payable on demand," is a promissory note within the statute; the acknowledgment of indebtedness on its face *implies a promise* to pay, and the payment being *in money absolutely.*

The admission of one of two payees of a note, of the transfer of his interest in it to the other payee, is competent evidence to divest him of all control over it, where such admission is made at the conclusion of a settlement between the parties in reference to dealings and transactions of which the note in question formed a part.

An assignee of a *chose in action* will be protected in a court of law against the acts and declarations of the assignor subsequent to the assignment.

THIS was an action of assumpsit, tried at the Rensselaer circuit in 1831, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The plaintiffs declared on a promissory note for $325, bearing date 20th October, 1821; the declaration containing also the money counts. The defendant pleaded *non assumpsit* and *non assumpsit infra sex annos*, and the plaintiffs replied a new promise within six years before the exhibiting of the bill, &c. After issue thus joined, the defendant, in the February term of this court in 1828, put in a plea of *puis darrein continuance,* that on the 18th February, 1828, *Kiniston,* one of the plaintiffs, by writing under seal, in consideration of one dollar to him paid, released and discharged the defendant from all claims and demands which he had against him in his own individual right, or in connection with any other person; to which plea a replication was put in, that before the execution of the release in the plea mentioned, *Kimball,* one of the plaintiffs, had paid to *Kiniston,* the other plaintiff, $160, and in consideration of such payment, Kiniston had sold and assigned to Kimball all his interest in the promissory note in the declaration mentioned, of which the defendant had notice before the execution of the release set forth in the plea. The defendant rejoined that Kiniston did not, before the execution of the re-

lease, assign his interest in the note to Kimball in consideration of the payment of $160, nor had the defendant notice in *modo et forma*, &c. ; concluding to the country. On this state of pleadings the cause went to trial.   At the trial the plaintiffs offered in evidence a *due-bill*, in this form : " Due Kimball & Kiniston three hundred and twenty-five dollars, payable on demand.   October 20, 1821." Signed by the defendant.   Its admission was objected to, 1. Because it was not a *note* within the statute ; 2. Because no consideration was expressed in it ; and 3. That it ought to have been specially declared upon, and the consideration averred and proved.   The objection was overruled.   The due-bill was then read in evidence, and it was proved that Kimball & Kiniston, in 1821, were joint contractors for the building of three locks upon the Champlain canal, and that from their joint funds money to the amount of the due-bill was loaned by Kimball to the defendant, and the due-bill taken therefor.   To shew the assignment of Kiniston's interest in the due-bill to Kimball, it was proved that in February, 1825, Kimball and Kiniston had a settlement of their accounts, and on closing the same, they mutually declared that they had settled all their concerns, and that *Kimball* was to have *all the property* relating to or connected with their joint operations in the state of New-York. (The settlement was had in New-Hampshire, where the parties resided.)   They further stated that Kimball was indebted to Kiniston $100, of which sum $50 were to be paid in cash, and for the remaining $50 a note was to be given.   A receipt was then produced, signed by Kiniston, bearing date July 10, 1825, in which he acknowledged to have received of Kimball a note of hand for $50, " which, when paid, is in full of all demands up to this date."   It was proved that, at the time of the settlement between Kimball and Kiniston in 1825, they had an account book before them, in which was kept by Kimball an account of monies received and paid out by him for and on account of Kimball & Kiniston.   Among others, there was an entry under date of *October* 20, 1821, in these words : " Delivered S. G. Huntington, as by note, $325 ;" and another, which was proved to have been made in *December*, 1822, in these words : " Received, by S. G. Huntington, $325." It was

further proved that, in the spring of 1825, *Kimball* brought the due-bill into this state and left it with his son, who demanded payment of the defendant, and informed him that Kimball had settled with Kiniston and taken the due-bill to himself; to this person the defendant frequently, since 1825, promised payment. The defendant now insisted that the replication had not been supported; it had not been shewn that Kimball had paid $160 to Kiniston, and that in consideration of such payment, he had assigned his interest in the due-bill to Kimball; the judge ruled that enough had been shewn to submit the question to the jury. The plaintiffs next produced the deposition of one Samuel Selden, of Royalton in Vermont, from which it appeared that in the month of February, 1828, application was made to Selden by the defendant, by letter, to *procure a release from Kiniston,* the form of which was sent to him; and that he accordingly, on the 18th February, 1828, procured from Kiniston a release of all claims and demands against the defendant, either in his own individual right or in connection with any other person, and enclosed the same by mail to the defendant. To interrogatories put to him whether he had not been informed by the defendant that the object of the release was to defeat a recovery in this suit, and that Kiniston had assigned his interest in the due-bill to Kimball, he declined to answer, stating that he was applied to by the defendant to procure the release as an attorney at law, and that he could not answer the interrogatories without violating his duty to his client; and for the same reason declined to state the consideration paid by him to Kiniston. The defendant then offered in evidence two letters written by *Kiniston,* dated in March and December, 1830, stating that he had not assigned his interest in the due-bill to Kimball, and that at the time of the settlement, in 1825, it was expressly agreed that the debts then due to Kimball & Kiniston, when collected, should be divided equally between them; the judge refused to receive the letters in evidence, and the proofs being closed, charged the jury that the only questions for them to determine were whether *Kiniston* had parted with his interest in the due-bill previous to the release, and whether, previous to the execution of such release, the defendant had notice of the trans-

fer of Kiniston's interest. The jury found for the plaintiffs $527,22.

*S. Stevens,* for the defendant, moved for a new trial. He insisted that the objection taken on the trial, that the replication had not been supported by proof, ought to have been sustained, for that the evidence of a transfer of Kiniston's right had wholly failed. Allowing all the weight to the testimony which had been adduced in reference to the settlement between Kimball and Kiniston in 1825 to which it legitimately was entitled, it did not prove a transfer of the due-bill in question ; the due-bill was an existing demand against the defendant, in which both parties were equally interested ; it was uncollected, and therefore not the subject of settlement between them ; not having as yet been received, it was not in the ordinary course of business to take it into account on a settlement between partners to ascertain how much was due from one to the other. To establish the allegations in the replication, it should have been proved that the due-bill was specifically assigned, and it was not enough to shew the declarations of the parties that Kimball was to have all the property of the concern in New-York. Besides, there was a total failure of proof of the averment of the consideration paid by Kimball to Kiniston. Where an assignment of a chose in action is relied on to support a recovery, it must be averred that it was made for a full and valuable consideration, and that the suit is prosecuted for the benefit of the assignee, 17 *Johns. R.* 292 ; 6 *Cowen,* 151 ; and this averment being material, must be proved, *Douglas,* 665 ; 2 *East,* 450. The letters of *Kiniston* should have been received in evidence ; Kimball, by bringing the suit in the names of himself and Kiniston, instead of suing in his own name, as he might have done, deprived the defendant of the testimony of Kiniston ; and having done so, he should not be allowed to object to the declarations of a party to the record. 7 *T. R.* 670, *n.* 11 *East,* 586.

*M. T. Reynolds,* for the plaintiff. The verdict of the jury settles the question of transfer ; the evidence was fairly submitted to them, and their finding is conclusive. As to the

averment and proof of consideration, this case is clearly within the principle of 17 *Johnson,* cited on the other side. The case in *Cowen* does no more than recognize the case in *Johnson.* What is said on the subject of consideration, was said after the case then before the court had been disposed of on another principle, is very brief in its terms, and expressly declared not to be a definitive opinion on the point. The principle that a court of law will protect the assignee of a chose in action against the acts or declarations of the assignor subsequent to the assignment, is too well settled to require the citation of cases.

*By the Court,* NELSON, J. The plea *puis darrein continu-ance* waived all previous pleas, and on the record the cause of action was admitted to the same extent as if no other defence had been urged than that contained in this plea. By operation of law the previous pleas are stricken from the record, and every thing is confessed except the matter contested by the plea *puis.* 6 *Bacon's Abr.* 479. *Cro. Eliz.* 49. 1 *Ld. Raym.* 693. *Bull. N. P.* 309. 1 *Salk.* 178. 2 *Wend.* 300.

The only questions to be litigated upon the record were, 1. Whether *Kiniston* had assigned his interest in the note to his co-plaintiff *Kimball,* and 2. Whether the defendant had notice of such assignment before the execution of the release. If proper attention had been bestowed upon the pleadings, only one of these questions could have been raised, as a denial of either fact was a sufficient answer to the replication. The court may, on special application, allow a defendant to rejoin several matters, if necessary for the "attainment of justice;" 2 *R. S.* 356, § 27 ; but it does not appear that any such application was made in this case.

The defendant, in a brief submitted, assumes that the cause of action is not confessed, and objects to the admissibility of the *due bill* in evidence under either count in the declaration, and the ground upon which he places this objection is, that it is *not a note,* within the statute. Even if his assumption was right, the argument he derives from it could not be sustained. The instrument is a promissory note, within the statute, as it contains every quality essential to such paper. The *ac-*

knowledgment of indebtedness on its face *implies a promise to* pay to the plaintiffs, and the payment by its terms is to be in *money absolutely*, upon demand. *Chitty on Bills*, 41, 324, 334. 1 *Johns. R.* 143. Neither the acknowledgment of value received or negotiable words are essential to bring this paper within the statute. 9 *Johns. R.* 217. 3 *Caines*, 136. It is unimportant, however, to pursue this objection, as it could not be properly raised on the trial.

It is objected that there is no evidence in the case to shew that the $160 or any other sum was paid by Kimball to Kiniston, in consideration of the assignment. The proof relied on is, that Kimball took the note on a settlement of accounts with Kiniston, and allowed him therein for his share or moiety. If the evidence on this point was competent, it was fairly submitted to the jury, and their verdict must be conclusive.

It is said, admitting that half the note was accounted for, it still would not appear that the $160 was paid, as alleged in the replication. The half of the note was $162,50, which of course includes the $160 alleged to have been paid. Proving more than the amount certainly cannot be objected to, or prejudice the plaintiff. If the assignment had been in writing, then there might have been a variance between the instrument proved and the one described; but no such objection could be taken here, as the whole rested in parol.

It is said the evidence of Eunice Hutchinson in relation to the settlement was improperly admitted. She proved that about six years before the trial her father and Kiniston were together with their books to make a settlement of their accounts; that she was a part of the time in the room, and the settlement was amicably made. After it was completed, they came into the room where she was, and said they had settled all their accounts, and that Mr. Kimball was to have all the property connected with their business in New-York. The testimony of James Hutchinson corroborates most of the above facts, and proves, in addition, an entry under date of December, 1822, in the account book of Kimball, by which he charged himself with the amount of the note. The declarations of the plaintiffs in relation to the terms of settlement were made at the *conclusion* of it, and not *afterwards*, as contended by the

defendant, and under the circumstances were entirely competent; they had just completed the settlement, and these declarations were part of the *res gesta*, as much so in judgment of law as those made during the progress of the settlement. Besides, if we were to admit that the declarations of K. and K. were subsequent to the settlement, we can see no well founded objection to them, for the purpose offered. The object of the testimony is to prove a transfer of the note from one to the other, which would be binding between themselves or upon Kiniston, and the declarations of the latter would be good evidence against him for that purpose. I admit that these declarations would not be competent, if made after third persons became interested, as in the case of the defendant after the release to him; but if no such objection exists, the admission of the parties in relation to the transfer is competent, whether made at one time or another—after, or during the settlement. The testimony being admissible and pertinent, and fairly submitted to the jury, it seems to me we cannot disturb the verdict, as we are unable to say it is not warranted by the facts.

The notice of the transfer is abundantly proved. E. H. Kimball swears that he called on the defendant in behalf of his father for payment of the note, and was answered that it could not then be made, and was requested to ask his father to take the note to himself individually, and it would be soon paid; that in the fall of 1825 he informed the defendant that his father had settled with Kiniston and taken the note to himself, and again in 1827; and that since 1825 the defendant had frequently promised to pay the note. If this testimony is to be believed, the assignment of the note to Kimball was in pursuance of a request from the defendant, and of which assignment he was duly advised.

The refusal of the agent who procured the release to relate the circumstances under which it was obtained, particularly in reference to that part of the transaction which tested the merits of it, was calculated to excite in the minds of the jury, and no doubt did, a suspicion unfavorable to the release, and gave color and strength to the view taken of it by the plaintiffs.

The letters of Kiniston to the defendant were clearly inadmissible. They were written after the assignment and notice;

Kimball
v.
Huntington.

if no assignment was proved, then without the letters the defendant was entitled to the verdict, and if it was proved, they were incompetent to affect it. The only assignment relied on, or which the proof supported, or which was pretended, took place years before the date of these letters, and the subsequent declarations or confessions of the assignor were inadmissible to impair the rights of the assignee. The whole case turns upon the plea *puis darrein* and the issues growing out of it, which were questions of fact, and have been determined by the verdict. We are of opinion there is no error of the judge in the numerous points of law raised during the progress of the trial.

New trial denied,

[*Remainder of cases in October term in, 11th volume.*]