### BELINDA TOWNSEND, Executrix, *vs.* MARY DERBY.

A note, though it does not purport to be for value received, is admissible in evidence to support a count for money had and received of the payee by the maker.

ASSUMPSIT on a promissory note alleged to have been made by the defendant to G. Townsend, the plaintiff's testator, for value received. There was also a count for money had and received.

It was agreed by the parties, in the court of common pleas, that the defendant executed a note, which was produced by the plaintiff and was in the terms which follow : " I promise to pay Gregory Townsend two hundred dollars with interest Medfield, April 8, 1837.        MARY DERBY."

The plaintiff offered no other evidence to support her action, and the defendant insisted that the action could not be maintained. *Cummins* J. ordered judgment to be rendered for the plaintiff ; and the defendant alleged exceptions.

*J. P. Bishop*, for the defendant.

*Wilkinson*, for the plaintiff.

WILDE, J.  Whether there be any material variance between the note declared on, and the one produced in evidence, is a question which we consider quite immaterial ; for if the note is valid, it is admissible in evidence under the count of indebitatus assumpsit for money had and received.

The objection to the note is, that it does not on the face of it import to be for value received.  But this we do not think is a well founded objection.  It was formerly a matter of controversy, whether it was not essential to the validity of a bill of exchange or promissory note, that it should express value received ; and some of the old cases decided that it was.  In *Hemmenway* v. *Hickes*, 4 Pick. 500, C. J. Parker expressed a doubt on this point ; and in *Saxton* v. *Johnson*, 10 Johns. 418, it was decided that a note, not expressing any consideration on the face of it, could not be given in evidence under the money counts.  But in *Kimball* v. *Huntington*, 10 Wend. 675, it was decided that such a note or due bill was a good promissory note within the statute, and that neither the acknowledgment of value received, nor negotiable words were essential to bring the note within the statute.  And it seems now to be well settled that it is not necessary to insert in a bill or note the words " value received," or words equivalent ; as value is implied in every bill, note, acceptance, and indorsement.  It is so laid down in 3 Kent Com. (3d ed.) 77 ; in Chitty on Bills, (6th ed.) 67 ; and in Bayley on Bills, (1st Amer. ed.) 24, 25.  And the cases there cited fully sustain the principle laid down.  The same is also laid down, in Glen on Bills, 76, as the law of Scotland.  It has also recently been so adjudged in England, in *Hatch* v. *Trayes*, 11 Adolph. & Ellis, 702.  It was in that case held that the payee of a note may maintain debt against the maker, although the note expresses no consideration, either by the words " value received," or otherwise.  Lord Denman said that " the words ' value received ' express only what the law must imply from the nature of the instrument and the relations of the parties apparent upon it."  So it has been held that debt lies

against the indorser of a bill payable to his own order. *Stratton
v. Hill*, 3 Price, 253.

We think the law on this point is now well settled, and upon
sound and satisfactory principles.

*Exceptions overruled.*