### GEORGE W. WOODWARD v. GEORGE C. GENET.

A written instrument, in the usual form of a bond, but without seal, should be regarded as a promissory note.

In an action upon such an instrument, it was shown to have been given for an actual indebtedness: *Held*, that the plaintiff was entitled to judgment upon it.

AT SPECIAL TERM, *August* 7, 1858.

Trial before a judge without a jury. The action was brought upon a written instrument in the usual form of a bond, but without seal, conditioned for the payment of $35,000 in certain instalments. The defence was, substantially, that it created no obligation or liability, as no consideration appeared upon its face. At the trial the plaintiff was permitted to show that it was accompanied by a mortgage, given for part of the consideration for the conveyance by the plaintiff to the defendant, of certain lands in the state of Pennsylvania.

*E. W. Stoughton*, for the plaintiff.

*Charles P. Kirkland*, for the defendant.

HILTON, J.—This action was tried before me at special term without a jury. The defendant having offered no testimony, it

Woodward v. Genet.

is to be determined whether the instrument described in the complaint, and which is in the usual form of a bond, but without seal, is any evidence whatever of an indebtedness. Its plain import is, that at the times specified the defendant will pay to the plaintiff certain sums of money; and although it is not in the usual form of promissory notes, yet there can be no doubt that it is such, judged either by the rules of the mercantile law, or by the provisions of the Revised Statutes. 1 R S. 768, § 1; *Fisher* v. *Leslie*, 1 Esp. R. 426; *Israel* v. *Israel*, 1 Camp. 499; *Casborne* v. *Dutton*, 1 Wheaton's Selwyn's N. P. 289; *Shuttleworth* v. *Stevens*, 1 Camp. 407; Bayley on Bills, 5; *Chadwick* v. *Allen*, Strange R. 706; Byles on Bills, 3; *Kimball* v. *Huntington*, 10 Wend. 675, 679; *Luqueer* v. *Prosser*, 1 Hill, 256; *Bruce* v. *Westcott*, 3 Barb. S. C. 374; *Curtis* v. *Leavitt*, 15 N. Y. R. 1, 73, 156.

But in addition to the presumption of indebtedness or consideration, which the law implies from all instruments of this character, the proof shows that it was actually given in part payment of the purchase money of certain land in Pennsylvania, conveyed by the plaintiff to the defendant. So that, whether it is regarded as a promissory note, or as an acknowledgment of a promise to pay an indebtedness actually owing by the defendant, it is clear that, upon the whole case, the plaintiff is entitled to judgment for the two instalments due by the terms of the instrument, amounting to $10,000, together with interest, at 7 per cent. per annum, upon the sum of $35,000, from February 17th, 1857.

The clerk will compute the interest, and enter judgment accordingly.