EDWARD GUSHEE *vs.* HENRY EDDY.

An indorsee of a promissory note, payable on demand in certain articles of merchandise " as he shall need," cannot, upon demand of payment from the maker and his neglect to pay and notice to the indorser, recover the amount thereof in money from the indorser.

ACTION OF CONTRACT against the indorser of this promissory note : " Pawtucket, R. I., June 19th 1856.  On or before September 1856, for value received, I promise to pay Henry Eddy, or order, of North Bridgewater, two hundred dollars, to be paid in window frames, brackets, sash, blinds, doors and mouldings, as he shall need.                              Wm. R. Walker."

The case was submitted to the decision of the court upon these facts : The defendant indorsed and sold the note to the plaintiff a few days after its date.  The maker never paid it or furnished any of the articles mentioned in it.  On the 1st of September a notary demanded payment of the note from the maker in the usual form, and on the 4th of September demanded

payment thereof in specific articles, and immediately after the maker's neglect to comply with each of these demands gave notice thereof to the defendant.

*C. I. Reed,* for the plaintiff, cited *Josselyn* v. *Ames,* 3 Mass. 274 ; *Jones* v. *Fales,* 4 Mass. 245 ; *Sanger* v. *Stimpson,* 8 Mass. 260·; *Sweetser* v. *French,* 13 Met. 262, and 2 Cush. 309 ; Byles on Bills, 113 *&* seq.

*E. Ames,* for the defendant.

This case was decided at Boston in June 1860.

MERRICK, J. If it be assumed that the note declared on is negotiable, and that the plaintiff might recover the sum named in it against the defendant on legal demand and notice, still this action cannot, upon the facts agreed by the parties, be maintained, because no legal or sufficient demand of payment was made on the maker. The note is peculiar in its terms. Its payment is to be made not merely in certain enumerated articles of manufacture or merchandise, but in such parts and proportions of each of them as the payee " shall need." This requires a specification by him of the articles required ; and of course imports that after notice given to that effect, the promisor shall have at least time and opportunity to make the selection from his general stock wherewith to make the payment, if not even time sufficient to manufacture or otherwise procure them. It is no sufficient answer to this, to say that if no specification is made the maker might deliver in payment any of the enumerated articles ; for until the last day on which the note by its terms is payable, the right of designating what articles he needs remains with the payee. The maker cannot therefore, unless a particular demand is made, know in what articles payment will be called for ; and certainly, before this is done, there cannot be said to be any default on his part. The payee must specify the kind and quantity of each of the articles which he needs, and which he requires in payment.

But we are of opinion that the proper defence to this action stands upon much broader and more substantial ground. The indorser of an instrument, in due form of a promissory note payable in merchandise, or in certain enumerated specific articles,

does not by his indorsement assume the responsibility of paying it in money upon the default of the maker to pay it according to its tenor. *Carleton* v. *Brooks*, 14 N. H. 149. He is rather to be denominated an assignor of the cause of action arising upon a written contract than an indorser of a promissory note. The assignee or indorsee, whichever he may most properly be called, may undoubtedly maintain an action against the maker in the name of the payee; and perhaps also in his own. But of this we express no definite opinion. *Jones* v. *Witter*, 13 Mass. 304. *Skinner* v. *Somes*, 14 Mass. 107. *Coolidge* v. *Ruggles*, 15 Mass. 387. In the case of *Josselyn* v. *Ames*, 3 Mass. 274, it was held, that the indorsee of a promissory note, not negotiable, but payable in money, might maintain an action against the indorser. And in the cases of *Jones* v. *Fales*, 4 Mass. 245, and *Sanger* v. *Simpson*, 8 Mass. 260, it was determined that the indorsee of a promissory note, payable to the payee or order for a certain expressed sum of money in "foreign bills" or "foreign money," might maintain an action against the indorser, after due demand upon the maker and notice of his default. No decided cases have gone beyond this; and there is such a plain and manifest distinction between notes payable in "foreign bills" or "money," and those payable in merchandise or specific articles, that the reason for not extending those decisions so as to make them applicable to the kind of contracts last named is forcible and decisive. The words "foreign bills" and "foreign money" were at the time when the above cited cases were determined, and still are, well known phrases, significant and descriptive of bank bills duly issued by legally constituted and incorporated banking institutions located at a greater or less distance from Boston, the capital of the State, where their value for immediate use at that place is determined in view of the existing facilities for their exchange and collection. But such bills have always been recognized both by courts of law and by the legislature as a part of the legitimate currency of the Commonwealth; and although not a legal tender if objected to, yet otherwise they are regarded and treated as such in the payment and discharge of pecuniary obligations. *Snow* v. *Perry*, 9 Pick. 539. *Blow* v

*Russell,* 1 Car. & P. 365. Rev. Sts. *c.* 36, § 70 ; *c.* 33, § 7. Between contracts the performance of which is by payments to be made in the common and legitimate currency of the country, and those which are to be performed by the transfer and delivery of merchandise or specific articles, there can be a resemblance only in form ; in substance, they are essentially different.

The indorser of a promissory note may be said, in general, to assume, in respect to the payment of it, the same responsibility as that of the maker, subject, of course, to the condition of a proper and legal previous demand and notice ; that is to say, in reference to all notes payable in money, that he will pay the money if the maker fails to do so. Notes payable in "foreign money or bills" may perhaps come fairly within this rule, as notes payable in cash. But it is a wide departure from it, and is in fact equivalent to the substitution of a new contract, to require of the indorser to pay in money when the maker has contracted only to pay in specific articles. Certainly there is no case in which it has been held that an indorser of such an instrument subjects himself to a responsibility so essentially different from that of the principal contractor ; and we are not aware of any usage, mercantile or otherwise, in this commonwealth, from which a liability of that kind may thereby be presumed to have been assumed. In giving his opinion in the case of *Jones* v. *Fales,* it is indeed said by Parsons, C. J. that "notes for merchandise, when indorsed, may be sued by the indorsee against the indorser, who may declare in the same manner as if the notes were negotiable." 4 Mass. 254. But this does not seem to be an assertion that the liability of the indorser in each of the supposed cases is the same ; or if it can be construed as having that meaning, it must be noticed that no question of that kind arose in the case then to be determined ; and therefore that this remark of the chief justice, which does not appear to have attracted the particular attention of, or been assented to by the other members of the court, was a mere *obiter dictum,* which cannot be considered an authoritative statement of the law.

In the absence of any direct decision to that effect, we are of opinion, upon the authority of the case of *Carleton* v. *Brooks,*

14 N. H. 149, as well as upon the sound application of the prin-
ciples of law relative to such contracts, that the indorser of an
instrument in the form of a promissory note, payable in mer-
chandise or specific articles, and therefore not negotiable, is not
subject to the same liability as that of the indorser of a nego-
tiable promissory note, and cannot be called on for its pay-
ment in money upon the default of the maker to perform his
contract on demand, even though immediate notice of that de-
fault may have been given to him. *Plaintiff nonsuited.*