Hiram Allen et al., Respondents, *v.* The St. Louis Insurance Company, Appellant.

When there is a seeming inconsistency between two provisions of a policy of insurance, it is the duty of the court so to construe them as, if possible, to give effect to them both in accordance with the intention of the parties; and if the meaning is ambiguous, that meaning is to be given which is most favorable to the insured.

An open policy of insurance was issued by defendant in a form framed for use in insuring canal-boat cargoes, containing these clauses : " It shall and may be lawful for said boats to load in such a manner as is usual and customary for vessels employed in the navigation aforesaid to be laden, without reference to any provisions on the same subject in marine law or custom applicable to vessels laden for sea voyages." Also that the company shall not be liable for loss or damage " to goods or property on deck, unless by special agreement in writing indorsed on the policy." An insurance was effected by indorsement upon the policy upon a cargo of paper in packages, a portion of which was laden on deck.  In the course of the voyage a portion of the paper on deck was lost.  In an action upon the policy, *held*, that the fair meaning of the two clauses taken in connection, was that goods might be carried on deck, if carrying them in that manner was customary, but that goods not usually laden on deck, if so carried, would not be protected by the policy unless by agreement

| 85 | 473 |
|-----|-----|
| 116 | 59 |
| 85 | 473 |
| 149 | 313 |
| 85 | 473 |
| 162 | 577 |
| 85 | 473 |
| 166 | 421 |

indorsed on the policy; and, it having been proved that it was customary to carry paper on deck, and no evidence having been given that defendant was ignorant of the custom, that it was liable.

The defendant's agents, who had the policy in their possession, were informed before the boat started on its voyage, how it was laden and were requested to look at it. They answered that it was all right. *Held*, that it was their duty to have made the indorsement so as to cover the risk; and, assuming that the carrying of paper on deck was, in the absence of a special written agreement, a breach of the condition of the policy, the defendant having at the inception of the risk full knowledge of the facts, it must be deemed to have waived the conditions.

Also *held*, that the acts of the clerk in charge of the office of the agents, and in performing their business were the acts of the agents.

(Submitted May 31, 1881 ; decided June 14, 1881.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 5, 1880, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial without a jury, and affirmed an order denying a motion for a new trial.

This action was upon a policy of insurance. Its material provisions and the pertinent facts are set forth in the opinion.

*Geo. M. Curtis* for appellant. The policy of insurance does not cover the property injured, it being on deck, and the policy being on an "in-bound" cargo. (*Lennox* v. *The U. S. Ins. Co.*, 3 Johns. Cas. 178; 2 Phillips on Insurance, 169 *et seq.*; 2 Zell's Encyclopædia, 19 [edition of 1871].) This clause in the contract governs what is meant by usual and customary manner. That manner must not be on the deck of the boat. (*Rohrback* v. *The Ger. F. Ins. Co.*, 62 N. Y. 47; *Matson* v. *The Farm Buildings Ins. Co.*, 73 id. 310.) The insurers, having assumed risks which the insured is unwilling to bear, can only be held to those risks for which they have voluntarily and knowingly undertaken, and the insured has no right to substitute any other. (2 Parsons on Insurance, 2; *Hartley* v. *Buggins*, 3 Douglass, 39 ; *Maryland Ins. Co.* v. *Le Roy*, 7 Cranch, 36 ; *Blockett* v. *The Royal Ex. Ins. Co.*, 2 C. & J.

250; *Sturm* v. *Gt. W. Ins. Co.*, 40 How. 423.) To entitle the plaintiffs to recover, it was necessary for them to show that it was unusual for underwriters to pay for goods lost when carried on deck, and that a premium for an extra-hazardous risk had been paid. (*Taunton Copper Co.* v. *The Merchants' Ins. Co.*, 22 Pick. 108.) The mere fact of unusual stowage by the insured of goods in a marine policy avoids the policy, if not known and assented to by the insurer. (*Leitch* v. *Atlantic Mut. Ins. Co.*, 66 N. Y. 100; *Merchants' Ins. Co.* v. *Alger*, 32 Penn. St. 320; *Blockett* v. *Ass. Co.*, 2 C. & J. 250; *Atkinson* v. *Gt. W. Co.*, 4 Daly, 207; *Da Costa* v. *Edmonds*, 4 Campb. 142; *Taunton Copper Co.* v. *Mer. Ins. Co.*, 22 Pick. 108; Marshall on Insurance, 348, 349; *The Delaware*, 14 Wall. 479, 602.) To establish the custom, the burden of proof was upon the plaintiffs to show knowledge on the part of the defendant of the existence of the same. (*Sipperly* v. *Stewart*, 50 Barb. 62; *Wadley* v. *Davis*, 63 id. 500; *Harlem* v. *The Adams Ex. Co.*, 6 Bosw. 235; *Boardman* v. *Gaillard*, 1 Hun, 217; affirmed, 60 N. Y. 614.)

*Jno. E. Parsons* for respondents. If defendant intended to limit the insurance to cargo under deck, it should have so provided in the certificate. "Inboard" does not mean under deck. (*McMaster* v. *Prest., etc., Ins. Co. of N. A.*, 55 N. Y. 222; *Rann* v. *Home Ins. Co.*, 59 id. 387; *Love* v. *Pares*, 13 East, 80; *Doe* v. *Dodd*, 5 B. & Ad. 689; *Dow* v. *Whetten*, 8 Wend. 160; *Yeaton* v. *Fry*, 5 Cranch, 335; May on Ins. 181, 182.) If possible, effect must be given to every expression in a contract. (*Ward* v. *Whitney*, 4 Seld. 442; *Archibald* v. *Thomas*, 3 Cow. 284; *Westcott* v. *Thompson*, 18 N. Y. 363; *Marvin* v. *Stone*, 2 Cow. 806.) The agents having approved the mode of lading, defendant cannot now be heard to claim that, by reason of the manner in which the paper was loaded, the policy did not apply. (*Shearman* v. *Niagara F. Ins. Co.*, 46 N. Y. 526; *Carroll* v. *Charter Oak Ins. Co.*, 38 Barb. 402; *Bodine* v. *Exchange F. Ins. Co.*, 51 N. Y. 117; *Trustees of First Baptist Ch.* v. *Brooklyn F. Ins. Co.*, 19 id. 305; *Shel-*

*don* v. *Atlantic F. & M. Ins. Co.*, 26 id. 460; *Van Schoick* v. *Niagara Ins. Co.*, 68 id. 434.) Notwithstanding a provision in a policy that no condition can be waived, except in writing, signed by the secretary, a condition may be waived by parol by the general agent, acting within the scope of his agency, especially when the act can be regarded as ratified by the company. (*Woods* v. *Poughkeepsie Mut. Ins. Co.*, 32 N. Y. 619.)

ANDREWS, J. The insurance was effected by indorsement upon an open policy of insurance, designated "Uniform Canal Cargo Policy," made by the defendant's agents, who issued the policy. The property insured, was paper in packages, and the risk, was of loss during the transportation of the paper from Troy, N. Y., to Philadelphia, on the canal boat "W. S. Alden." There not being room for all the paper under deck, a part of it was laden on deck, and covered with a tarpaulin, fastened down by ropes. The boat reached New York in the course of the voyage, and was moored in a slip and secured to the pier. A high wind arisng, the waves, increased by the swell created by a steamboat passing the pier, caused the boat to careen, and part of the paper on deck, was precipitated into the water; and for the loss thus occasioned this action is brought. The jury found that the loss was not attributable to the negligence of the master or crew of the boat, and the only question arising on this appeal is, whether paper on deck was protected by the policy.

It is the general doctrine of marine insurance, that goods laden on deck are not covered by a marine policy, unless specially permitted to be so carried, or the right to carry on deck, is otherwise indicated. (*Lenox* v. *The United Ins. Co.*, 3 Johns. Cas. 178; 2 Phil. on Ins. 169 *et seq.*) Property laden on deck, interferes with the navigation of the vessel, and is liable to be lost or injured, in case of a storm or other disaster, and the insurer is not deemed to have assumed the risk of property so laden, in the absence of an express agreement in

the policy, or an agreement implied from the description of the goods, or other language of the instrument.

It is, of course, competent for the insurer, to extend the general scope of his obligation, and to assume risks not imposed upon him, by the ordinary language of a marine policy. The policy in question was framed for use in the special business of insuring canal-boat cargoes, and contains this provision: "And it shall and may be lawful, for the said boats, to load, in such a manner as is usual and customary for vessels employed in the navigation aforesaid to be laden; without reference to any provision on the same subject in marine law, or custom applicable to vessels laden for sea voyages." It was proved that it was customary to carry paper on canal boats on deck, and no question was raised by any exception as to the sufficiency of the proof of the custom, or that it was not known to the defendant. If this provision in the policy stood alone, there would seem to be no ground for claiming that the paper, was not covered by the policy. It was laden in the customary manner, and this the policy expressly permitted. The main object of the provision seems to have been to mitigate the rigorous construction of marine policies, and to protect property carried by canal boats, although laden on deck, provided such method of lading was customary.

But the policy contains a subsequent provision, that the company shall not be liable for loss or damage "to goods or property on deck, unless by special agreement in writing, indorsed on this policy." It is claimed that this provision qualifies the former one, and requires a special agreement in writing in every case, indorsed on the policy, in order to bring deck goods within it. The two provisions, on first reading, seem to be inconsistent; but it is the duty of the court to construe them so as, if possible, to give effect to both, in accordance with the intention of the parties; and if the meaning is ambiguous, that meaning is to be given which is most favorable to the insured. (*Marvin* v. *Stone*, 2 Cow. 806; *McMaster* v. *Pres., etc., of Ins. Co. of N. A.*, 55 N. Y. 222; *Rann* v. *Home Ins. Co.*, 59 id. 387; May on Insurance, 181.)

We think the fair meaning of the clauses taken in connection is, that goods may be carried on deck, if carrying them in that manner is customary; but that goods not usually laden on deck, cannot be so carried, and will not be protected by the policy, unless in pursuance of a special agreement in writing indorsed on the policy.

There is an independent ground, on which the verdict in this case may stand. The defendant's agents, before the boat left Troy, were informed how the paper was laden, and were requested to go and look at it; and they replied that it was all right. The policy was in their possession, and it was the duty of the agents to make the indorsement in proper form, so as to cover the risk. The company, at the inception of the risk, having had full knowledge of the fact which it now relies upon as a defense, must be deemed to have waived the condition, assuming that the carrying of the paper on deck was, in the absence of a special written agreement, a violation of the provision referred to. (*Shearman* v. *Niagara F. Ins. Co.*, 46 N. Y. 526; *Richmond* v. *Niagara F. Ins. Co.*, 79 id. 230.)

The acts of the clerks, in charge of the office of the agents, performing the business, were the acts of the agents.

The judgment should be affirmed.

All concur, except FOLGER, Ch. J., absent.

Judgment affirmed.