(73 Misc. Rep. 43.)

### GUNTHER v. MARTEAU.

(Supreme Court, Trial Term, Saratoga County. July, 1911.)

Bills and Notes (§ 129[*])—Construction of Instrument.

An instrument, whereby the signer acknowledged a loan and stated that, in the event of accident or his death, the lender should have a right to claim the sum loaned from his estate, is an acknowledgment of the loan payable on demand, and does not import an intention that payment should not be made until the death of the borrower.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 129.[*]]

Action by Jacques Gunther, administrator, against Adolphe J. Marteau. Verdict for plaintiff. Motion to set aside verdict and for a new trial denied.

Charles O'Sullivan (Theron L. Carman, of counsel), for the motion. Butler & Kilmer (Walter P. Butler, of counsel), opposed.

J. A. KELLOGG, J. This action was brought to recover sums of money alleged to have been loaned to the defendant by plaintiff's intestate. Upon the trial the only evidence of any such loan was contained in the following instrument:

"New York City, December 15, 1910.

"Know all men by these presents, that I, A. J. Marteau, of 25 Washington avenue, Grant City, Staten Island, N. Y., do hereby acknowledge the loan of two thousand dollars ($2,000) from Mrs. Leonie Domaine, of New York City.

"Be it also understood that, in the event of accident or death of Mr. A. J. Marteau, said Mrs. Leonie Domaine has the right to claim said two thousand dollars ($2,000) from the estate.          Adolphe J. Marteau. [Seal.]"

This writing was shown to have been signed by the defendant. The name "Domaine" was the maiden name of the plaintiff's intestate, and resumed by her after separation from her husband. Upon her death the paper in question was found among her effects in New York City. The only question now to be determined is one of law, and arises as to the proper construction of this instrument. Upon the trial the court directed a verdict in favor of the plaintiff for the amount mentioned in the instrument, with interest. A motion to set aside this verdict is now under consideration.

It is claimed in behalf of the plaintiff that the instrument is an ab-

---

solute acknowledgment of indebtedness, and that the added paragraph relative to such indebtedness constituting a claim against the estate does not lessen the acknowledgment of absolute liability or postpone its maturity. On the other hand, the defendant claims that the instrument is to be construed as a promise to pay only after the death of the defendant, and that, therefore, it cannot now be enforced prior to the event.

It is a well-settled rule of construction that, in case of ambiguity, an instrument is to be construed against the person executing it. Marvin v. Stone, 2 Cow. 781, 806; Allen v. St. Louis Ins. Co., 85 N. Y. 473; Paul v. Travelers' Ins. Co., 112 N. Y. 472, 479, 20 N. E. 347, 3 L. R. A. 443, 8 Am. St. Rep. 758; Kratzenstein v. Western Assoc. Co., 116 N. Y. 54, 59, 22 N. E. 221, 5 L. R. A. 799; People v. Mercantile Credit Guarantee Co., 166 N. Y. 416, 421, 60 N. E. 24; People v. Gluck, 188 N. Y. 167, 172, 80 N. E. 1022.

As stated in Paul v. Travelers' Ins. Co., supra:

"It is an accepted canon of interpretation that, if there is any uncertainty as to whether given words were used in an enlarged or restricted sense, that construction should be adopted which is most beneficial to the covenantee."

If, therefore, any ambiguity arises over the wording of the instrument under consideration, it should be resolved against the defendant. The instrument, of course, is very inartistically drawn. The suggestion in its last paragraph that in the event of "accident" there should be a claim against the estate of the defendant must be largely meaningless, unless we construe it as an "accident" causing death; and, in that view, it is entirely surplusage. Its use, however, shows that the instrument was drawn by parties careless of the language employed, but evidently actuated by some definite and controlling purpose. This purpose, it seems to me, taking into consideration the situation, is quite clear. The plaintiff's intestate had left her husband, and had gone to the city of New York. She loaned to the defendant the sum of $2,000. The paper, not in form a promissory note, is merely an acknowledgment of this loan; and it evidently was executed in order to furnish evidence of such loan. At the time when, or after, the loan was made, it occurred to the creditor that she had nothing to show as evidence in case of the death of the debtor. She evidently requested some written acknowledgment for this purpose.

While cases have arisen where loans have been made payable after death, such loans are not common. Under ordinary conditions the creditor desires a more definite and earlier due date; and, on the other hand, the debtor generally chooses to make his contracts in such form as to be able to discharge his obligations under more certain and definite conditions than after the death of the creditor. Such a contract could, of course, be terminated by neither party until the occurrence of the event specified, without the consent of the other. I believe the paper in question evidences an ordinary transaction of a loan payable upon demand, and the paper was given as evidence of the transaction, to be used in the case of the death of the debtor, who, during his lifetime, would have knowledge of the obligation, and upon whose honesty while living the creditor felt she could safely rely.

It seems to me much more probable that this was the intention of the parties, rather than that the instrument was executed for the purpose of extending to a remote and uncertain time in the future the date of maturity of the loan. Whatever ambiguity arises, due to the wording of the instrument, must be resolved against the defendant who executed it, under the rule of construction previously referred to.

The motion to set aside the verdict and for a new trial is denied.

Motion denied.