GILBERT v. ADAMS.

(Supreme Court, Appellate Division, First Department.    November 17, 1911.)

BILLS AND NOTES (§ 129*)—NOTE "PAYABLE ON DEMAND."

An instrument which acknowledges an indebtedness from the maker to a person named, and which promises to pay a specified sum to such person, "and in the event of my (maker's) death, I hereby authorize and direct the payment of the same out of the funds of my estate," is a promissory note payable on demand, within Negotiable Instruments Law (Consol. Laws 1909, c. 38) §§ 26, 29, declaring that an instrument is payable on demand when no time for payment is expressed, etc.; the quoted clause being surplusage.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 285; Dec. Dig. § 129.*]

Appeal from Trial Term, New York County.

Action by Marguerite Gilbert against Isabella V. Adams. From a judgment entered on a dismissal of the complaint, plaintiff appeals. Reversed, and new trial ordered.

See, also, 129 N. Y. Supp. 1123.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Clifford C. Roberts, for appellant.
Charles W. Zaring, for respondent.

CLARKE, J.   The complaint alleges:

"That heretofore, and at the borough of Manhattan, city of New York, on or about the 23d day of January, 1907, the defendant, for value, made, executed, and delivered to the plaintiff her certain written instrument, or promissory note, of which the following is a copy, viz.: 'I, Isabella V. Adams, hereby acknowledge my indebtedness to Marguerite Gilbert, for services rendered by her, for which I promise to pay her the sum of Thirty thousand dollars; and in the event of my death I hereby authorize and direct the payment of the same out of the funds of my estate. Dated. Jan. 23, 1907. [Signed] Isabella V. Adams.' That, although duly demanded from the defendant, no part of the same has been paid, and there is due and owing on the said instrument or promissory note the whole amount thereof, with interest from May 19, 1908."

The record shows that a jury was impaneled, and then proceeds:

"The defendant, the maker of the note sued on, was present at the trial. The court proceeded to take the evidence of the respective parties. After each side had rested, the following motion was made: 'Mr. Zaring: I move to dismiss the complaint upon the ground that it appears on the face of this instrument that it was not payable until after death. The Court: Then you mean on the ground that the facts stated in the complaint do not constitute a cause of action? * * * I have given some thought to the construction of this instrument, and I am impelled to the conclusion that it is not a demand note. My conclusion is based entirely upon the terms of the note itself without reference to the testimony taken,' " and dismissed the complaint.

From the judgment entered thereon this appeal is taken; the record disclosing none of the evidence.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep r Indexes.

In Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487, Peckham, J., said:

"A written statement that a certain amount of money is due a payee therein named, followed by the signature of the maker of the statement, implies that the money is due from the maker, and is an indebtedness from him to the person to whom the money is thus acknowledged to be due. Kimball v. Huntington, 10 Wend. 675 [25 Am. Dec. 590]. The acknowledgment of the indebtedness, and that it is due, implies a promise to pay it on demand. It is a promissory note within the statute."

In that case the instrument directed the maker's executors to pay a specified sum one year after her death. The court proceeded:

"The time when the money is to be payable is, however, altered by the direction given to her executor to pay it one year from her death. If there were no limitation, an acknowledgment that the debt was due would imply that it was payable at once or on demand. The direction is, however, in the nature of a promise and expresses a time of payment, and therefore excludes the presumption that it is payable immediately, which would otherwise arise from the use of the word 'due.' Being a promissory note, it imports a consideration."

In Carnwright v. Gray, 127 N. Y. 92, 27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep. 424, the instrument sued on was as follows:

"Thirty days after death I promise to pay to Cornelius Carnwright $1500 with interest."

Plaintiff gave no evidence of the transaction out of which the instrument arose, and none of the actual consideration thereof, but, having offered testimony tending to prove the genuineness of the maker's signature, put the note in evidence, and rested his case. After citing the statute in regard to promissory notes and a number of cases, Brown, J., said:

"No authority is cited in the courts of this state or of England holding that a nonnegotiable note is not within the terms of the law cited, and we are of the opinion that the language of our statute includes a note payable to a person without words of negotiability. The instrument sued upon being, therefore, a promissory note within the statute of this state, it follows that it imports a consideration. * * * A promissory note is defined to be a written engagement by one person to pay absolutely and unconditionally to another person therein named, or to the bearer, a certain sum of money at a specified time or on demand. Story on Prom. Notes, § 1; Coolidge v. Ruggles, 15 Mass. 387."

The negotiable instruments law (chapter 38, Consol. Laws 1909; chapter 43, Laws 1909) provides:

"Sec. 26. An instrument is payable on demand; .* * * (2) in which no time for payment is expressed."

"Sec. 29. The instrument need not follow the language of this chapter but any terms are sufficient which clearly indicate an intention to conform to the requirements hereof."

I am of the opinion that the instrument at bar is a promissory note, payable upon demand; that the words, "and in the event of my death I hereby authorize and direct the payment of the same out of the funds of my estate," are surplusage, and in no degree affect the preceding statement, "I promise to pay her the sum of thirty thousand

dollars," and therefore the time of payment was not postponed until the death of the maker of the note.

The paper, while a promissory note, was nonnegotiable. This suit is between the maker and the payee, and all the defenses are available.

The dismissal of the complaint solely upon the ground stated was error and the judgment should be reversed and a new trial ordered, with costs and disbursements to the appellant to abide the event. All concur.