FRANK J. HOAG, Appellant, *v.* THE GARDEN CITY BANK AND TRUST COMPANY and SARAH H. HOAG, as Executors, etc., of CHARLES H. HOAG, Deceased, Respondents.

Fourth Department, May 3, 1939.

*Dwight C. Dale,* for the appellant.

*Tracy H. Ferguson,* for the respondents.

PER CURIAM. The suit is upon the following instrument:

" This is to certify and acknowledge that I owe my brother Frank J. Hoag Fifty Thousand Dollars for a $3,000.00 loan and having caused him a permanent personal injury and money loss, and in case of my death I direct and instruct my executors or administrator to pay him this sum his heirs or assigns, from the assets of my estate; payable at his home. Interest after demand Attorney fees if dishonored.

| " $50,000.00 | Your brother | $50,000.00 |
| Only | Chas. H. Hoag. | Only |

" New York
July 24, 1890 "

Charles H. Hoag died January 3, 1938, and the instrument was presented to the defendants-executors on August 23, 1938. It is to be noted that the first part of this instrument is an admission of indebtedness. This imports a promise to pay. (*Hegeman v. Moon*, 131 N. Y. 462.) Following this and in the same sentence is a conditional order to the executors or administrator of the signer of the instrument to pay the debt with interest after demand. As we read this note it imports a personal obligation to pay at once and we find nothing in the later part of the instrument where the clause relates to the contingency of death which is inconsistent with the acknowledgment of the debt and the implied promise to pay contained in the first clauses. (*Carnwright v. Gray*, 127 N. Y. 92; *Gilbert v. Adams*, 146 App. Div. 864; *Gunther v. Marteau*, 73 Misc. 43.) In *Hegeman v. Moon* (*supra*) an indebtedness was acknowledged but a distinct promise to pay was embodied in the direction to the maker's executors to pay one year after the maker's death. This promise was absolute and not upon a contingency and covered the whole field.

In the present instance recovery is barred by the Statute of Limitations. (Civ. Prac. Act, § 48.) The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Judgment affirmed, with costs.