*ALBANY,*
*August, 1812.*

GOSHEN TURN-
PIKE Co.
v.
HURTIN.

———◦❀◦———

## THE PRESIDENT, DIRECTORS AND COMPANY OF THE GOSHEN AND MINISINK TURNPIKE ROAD *against* HURTIN.

THIS was an action of *assumpsit*, on a promissory note made by the defendant, dated the 1st of *May*, 1800, by which he "promised to pay to the plaintiffs 125 dollars, for five shares of the capital stock of the said corporation, in such manner and proportion, and at such time and place, as the said plaintiffs should, from time to time, require." There was a general demurrer to the declaration, and joinder in demurrer. The cause was submitted to the court, without argument.

*Per Curiam.* The note set forth in the declaration is a good promissory note within the statute, though it has not the words " *bearer, or order,*" and may be declared upon as such. This is the established *English* law, (6 *Term Rep.* 123. 2 Lord *Raym.* 1545.) and the same rule was recognised, by this court, in the case of *Downing* v. *Backenstoes*; (3 *Caines' Rep.* 137.) for our statute relative to promissory notes, is the same, in substance, as the statute of 3 and 4 *Anne.* The note was payable in money, and payable absolutely, and not depending on any contingency. It was, in effect, payable on demand, and it was not requisite that a consideration should be averred, or appear upon the face of the note, for every note within the statute, unless there be something

*A note by which A. promised to pay the president, directors and company of a turnpike road, 125 dollars, for five shares of the capital stock of the corporation, in such manner and proportion, and at such time and place, as the president, directors and company should require, is a good promissory note within the statute, and may be declared on as such. Every note within the statute, imports a consideration, unless the contrary appears in the note itself.*

An action lies against a stockholder of a turnpike corporation, at the suit of the corporation, on his promise in writing, to pay for the shares for which he has subscribed, in instalments; notwithstanding the remedy given in the act, to exact, in case of non-payment, a forfeiture of the shares, and all previous payments.

ALBANY,
August, 1812.

GOSHEN TURN-
PIKE Co.
v.
HURTIN.

in the note itself to the contrary, imports a consideration; and that presumption stands good until the defendant destroys it. There is, however, a consideration appearing on the face of the note in this case, for the promise to pay the 125 dollars, was " for five shares of the capital stock of the corporation ;" and it is to be intended that the defendant had duly become a stockholder to that amount.

But the question which the parties undoubtedly had principally in view, in this case, is, whether an action will lie at all on a promise by a turnpike stockholder to pay his instalments; and whether the remedy given to the company by the statute, to exact the penalty of a forfeiture of the shares, and of all previous payments, be not the only remedy. The decision of the court of errors, by which the decision of this court, in the case of *The Union Turnpike Company* v. *Jenkins*, (1 *Caines' Rep.* 381.) was reversed, may have given countenance to that opinion, but we apprehend that upon a careful examination of that case, the reversal is to be placed on other grounds, and that the reasoning and decision of the court, upon the principal point, remains good. In that case, the condition upon which *Jenkins* was to become a member of the company, viz. paying 10 dollars, had not been performed, and the corporation was understood not to have been *in esse*, at the time of the making of the promise by *Jenkins*. It is to be presumed that the judgment of reversal went upon that ground; and that was the ground taken by the Chancellor, who was then the principal law member of that court. We are the more confirmed in this view of that case, as actions upon such promises are sustained in the courts in *Massachusetts* and *Pennsylvania*, and upon principles which we deem conclusive. (5 *Tyng*, 80. 2 *Hall's Law Journal*, 231. 1 *Binney*, 70.)

Judgment for the plaintiffs.