WILLIAM S. CARVER *versus* DAVID L. HAYES.

A writing, "Due A. B., or order, twenty dollars on demand," is admissible in evidence to sustain a count for money had and received, in a suit by the indorsee against the signer thereof.

ON EXCEPTIONS from the ruling of MAY, J.

Action of ASSUMPSIT for money had and received, and was submitted to the presiding Judge at *Nisi Prius,* with right to except.

To the admission of the note above referred to, in evidence, to sustain the count in the writ, defendant excepted.

*L. W. Howes,* for plaintiff.

*Meserve,* for defendant.

The opinion of the Court was drawn up by

MAY, J.——Assumpsit upon the money counts for money had and received, and for money paid. To sustain his action, the plaintiff offered in evidence the following instrument:—— "Rockland, Sept. 6, 1855. Due L. D. Carver, or order, twenty dollars and 50–100, on demand." Signed by the defendant, and duly indorsed by the payee to the plaintiff. It was contended that it was not admissible under either count in the writ. The presiding Judge ruled that it was admissible and competent evidence to sustain the action, and the defendant excepted.

That negotiable promissory notes may be given in evidence by the indorsee to sustain a money count, is too well settled to be denied; and it requires no citation of authorities to sustain the right.

Is the paper offered in evidence such a note? No particular form of words is necessary to make a bill or note. It is sufficient, if the instrument, fairly construed, contain a promise upon consideration, which, from the time of making it, cannot be complied with or performed without the payment of money to the party holding it. That due bills like the one before us import both a promise and a consideration, seems to be well settled by the authorities. The word "due" necessarily implies this.

In the case of *Franklin* v. *March,* 6 N. H., 364, cited by the plaintiff, the words "Good to Robert Cochran, or order, for thirty dollars, money borrowed," were held to be a negotiable promissory note.

So, in *Kimball* v. *Huntingdon,* 10 Wend., 675, the words "Due A. B., or order, $325 on demand," was held to be a promissory note, and the authorities cited by the plaintiff all tend to show that such is now the law; and, when such a note contains appropriate words to make it negotiable, and it is

negotiated, it stands precisely upon the same footing of any other negotiable paper. The note offered at the trial was properly admitted.                    *Exceptions overruled.*

TENNEY, C. J., and RICE, APPLETON, CUTTING, and GOODE-NOW, JJ., concurred.