CORNELIUS W. CARNWRIGHT, Respondent, *v.* MORGAN GRAY et al., Executors, etc., Appellants.

An instrument by which the signer agrees to pay to another a sum certain at a time specified after his death is a valid promissory note.

It is not necessary to the validity of a promissory note, under the provision of the Revised Statutes in reference thereto (1 R. S. 768), that a consideration shall be expressed therein, nor is it necessary in an action thereon to allege or prove a consideration. The instrument, whether negotiable or not, imports a consideration and the burden of showing a want thereof is upon the defendants.

Reported below, 57 Hun, 518.

(Argued March 17, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 24, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The action was brought to recover upon a written instrument, of which the following is a copy:

" QUARRYVILLE, *September* 2, 1871.

" Thirty days after death, I promise to pay to Cornelius Carnwright fifteen hundred dollars, with interest.

" SAMUEL P. FRELIGH."

The plaintiff gave no evidence of the transaction out of which the instrument arose, and none of the actual consideration thereof, but having offered testimony tending to prove the genuineness of the maker's signature put the note in evidence and rested his case.

Further facts are stated in the opinion.

*Peter Cantine* and *John J. Linson* for appellants. The respondent did not show there was any consideration for the note and hence the judgment and order should be reversed. (4 R. S. [8th ed.] 2499, §§ 1–5 ; *Maule* v. *Cranford,* 14 Hun, 193 ; Abbott's Tr. Ev. 457 ; *Comstock* v. *Hier,* 73 N. Y. 274 ; *Shaw* v. *M. N. Bank,* 11 Otto, 557 ; Edwards on Bills & Notes, 78 ; Daniels on Neg. Paper, 162, 163 ; 1 Parsons on Bills & Notes, 127; *Spier* v. *Downing,* 34 Barb. 522; *Jerome* v. *Whitney,* 7 Johns. 221 ; *Saxton* v. *Johnston,* 10 id. 418 ; *Bowman* v. *Petrie,* 4 Wend. 575 ; *Edgerton* v. *Edgerton,* 9 Conn. 6 ; *Bristol* v. *Warner,* 19 id. 7 ; *Courtney* v. *Doyle,* 10 Allen, 122 ; *McMullen* v. *Raferty,* 89 N. Y. 456 ; *Cromwell* v. *Hewett,* 40 id. 491.) The trial judge erred in his charge as to the burden of proof on the question of consideration. (*Perley* v. *Perley,* 144 Mass. 104 ; *Powers* v. *Russell,* 13 Pick. 69, 76 ; *Delano* v. *Bartlett,* 6 Cush. 364, 366; *Simpson* v. *Davis,* 119 Mass. 269 ; 1 Daniels on Neg. Inst. § 164 ; *Bruyn* v. *Russell,* 52 Hun, 17 ; *Anthony* v. *Harrison,* 14 id. 218, 219 ; 74 N. Y. 613 ; *Sawyer* v. *Warner,* 15 Barb. 282 ; 1 Greenl. on Ev. §§ 79–81 ; *Dwyer* v. *Brown,* 23 N. Y. S. R. 695 ; *Conroy* v. *Warren,* 3 Johns. Cas. 259, 260 ; *Curtis* v. *Crane,* 13 N. Y. S. R. 748 ; *D. S. M. Co.* v. *Best,* 105 N. Y. 59 ; *Comstock* v. *Hier,* 73 id. 274 ; *Catlin* v. *Hansen,* 1 Duer, 309, 323 ; 2 Greenl. on Ev. § 172.) The possession of a non-negotiable note is not evidence of a transfer.

(*Barrick* v. *Austin*, 21 Barb. 241, 242, 243 ; Edwards on Bills, 216, 217.) If it is claimed the note was a gift, or as such to take effect after death, it is void. (*Phelps* v. *Phelps*, 28 Barb. 121 ; 23 N. Y. 69 ; Edwards on Bills, 324 ; *Whitaker* v. *Whitaker*, 52 N. Y. 368.) The court erred in the admission of two deeds objected to by defendants received in evidence and exception taken thereto. (*Nicholson* v. *Waful*, 70 N. Y. 604 ; *Bruyn* v. *Russell*, 52 Hun, 376 ; *Dwyer* v. *Brown*, 23 N. Y. S. R. 695.) The giving of the note in 1876 at three months for fifty dollars, by the plaintiff to the testator, is evidence of a settlement in full at that time. (*Eighmy* v. *Strong*, 17 N. Y. S. R. 216, 220, 221 ; *Proctor* v. *Thompson*, 13 Abb. [N. C.] 340, 351, 352.)

*F. L. Westbrook* and *J. Newton Fiero* for respondent. The instrument sued upon in this action is a promissory note and imports a consideration. (2 Black. Comm. 467 ; Story on Prom. Notes, §§ 1, 27 ; Thompson on Bills, chap. 1, § 1 ; 3 Kent's Comm. 72, 76 ; 1 Wait's Act. and Def. 550 ; *Kimball* v. *Huntington*, 10 Wend. 676 ; *Paine* v. *Noelke*, 54 How. Pr. 335 ; *Townsend* v. *Derby*, 3 Metc. 364 ; *Underhill* v. *Phillips*, 10 Hun, 592 ; *Payne* v. *Gardiner*, 29 N. Y. 146, 172 ; *Luqueer* v. *Prosser*, 1 Hill, 258 ; *Lake* v. *Tysen*, 6 id. 462 ; *Hart* v. *Riley*, 33 id. 780 ; *Sherman* v. *McIntyre*, 7 Hun, 593 ; *Nay* v. *Curley*, 113 N. Y. 577 ; *Luff* v. *Pope*, 5 Hill, 416 ; 7 id. 577 ; *Lunt* v. *Bank*, 49 Barb. 229 ; *A. Bank* v. *F. N. Bank*, 46 N. Y. 88 ; Story on Bills, § 60 ; Bayley on Bills, chap. 1, § 10 ; *People* v. *McDermott*, 8 Cal. 288 ; *Dugan* v. *Campbell*, 1 Ohio, 115 ; *Richmond* v. *Patterson*, 3 id. 369 ; *Cummings* v. *Freeman*, 21 Tenn. 143, 145 ; *Coursen* v. *Leslie*, 31 Penn. 506, 509 ; *Flint* v. *Phillips*, 16 Ore. 444, 449 ; Daniels on Neg. Inst. § 161 ; *Averill* v. *Booker*, 15 Grat. 169 ; *Jascleline* v. *Lapere*, 10 Mod. 296 ; *Haydock* v. *Lynch*, 2 Ld. Raym. 1563.) The deed from Alexander Carnright to his son, the plaintiff, and his wife, Abbie, the daughter of Samuel P. Freligh, and the deed from plaintiff and wife to Van Steenbergh were properly admitted. (*Blossom* v. *Bar-

*rett,* 37 N. Y. 438; *Waldron* v. *Romaine,* 22 id. 371; *Brown*
v. *Perkins,* 1 Allen, 96; *Wallis* v. *Randall,* 81 N. Y. 167,
168; *Whitney* v. *Leominster,* 136 Mass. 27; *Sherwood* v.
*Titman,* 55 Penn. 77, 80; *Robinson* v. *R. R. Co.,* 7 Gray,
95; *Fisher* v. *Plimpton,* 97 Mass. 443, 444; *Platner* v. *Plat-
ner,* 78 N. Y. 97.) The defendant must prove a want of con-
sideration. (Story on Prom. Notes, §§ 181, 187; Story on
Bills, § 193; *Powers* v. *French,* 1 Hun, 583; *Comp.* v.
*Hurtin,* 9 Johns. 217; *Childs* v. *Barnum,* 11 Barb. 17;
*Walker* v. *People,* 88 N. Y. 81; *Walrod* v. *Ball,* 9 Barb.
275; *Sleeper* v. *Middlesworth,* 4 Den. 431; *Johnson* v.
*Titus,* 2 Hill, 606; *Oakley* v. *Boorman,* 21 Wend. 593;
*Banker* v. *Banker,* 63 N. Y. 414.) The exception taken to
the charge does not properly raise the question of its correct-
ness.) *Tousey* v. *Roberts,* 114 N. Y. 317; *Bosley* v. *N. B.
Co.,* 123 id. 558; *Requa* v. *City of Rochester,* 45 id. 138;
*McGinley* v. *Ins. Co.,* 77 id. 495; *Caldwell* v. *S. Co.,* 47 id.
286; *Wolf* v. *Ins. Co.,* 39 id. 50; *Porter* v. *M. E. R. Co.,*
120 id. 288; *Lahr* v. *M. E. R. Co.,* 104 id. 294; *Lewis* v. *R.
R. Co.,* 34 N. Y. S. R. 374, 375; *Willetts* v. *Ins. Co.,* 45
N. Y. 49.) When a suit is brought on a promissory note,
whether it is negotiable or non-negotiable, it is evidence of
money had and received by the maker for the use of the
payee or of money lent by him, and the note is received as
evidence of a money consideration. (*Pierce* v. *Craft,* 12
Johns. 91; *Hughes* v. *Wheeler,* 8 Cow. 83; *Butler* v. *Rawson,*
1 Den. 106; *C. Bank* v. *Warden,* 6 N. Y. 28.) A plaintiff
can declare on his cause of action in as many different forms
and counts as he desires, and if not demurred to or he is com-
pelled to elect, can give evidence under either, and recover on
the cause of action stated in any count; and a general verdict
for the plaintiff is good. (*Birdseye* v. *Smith,* 32 Barb. 217;
*Velie* v. *Ins. Co.,* 65 How. Pr. 1; *Longprey* v. *Yates,* 31 Hun,
432; *Blank* v. *Hartshorn,* 37 id. 102; *Lonregan* v. *People,*
50 Barb. 277; *Polinsky* v. *People,* 73 N. Y. 69; *O. Bank* v.
*O. Bank,* 21 id. 502; *Bedell* v. *Carll,* 33 id. 583.) The note
draws interest from its date. (*Conners* v. *Holland,* 113 Mass.

50; *Lanning* v. *Cole*, 8 How. Pr. 148; 4 Wait's Act. and Def. 134; *Sanders* v. *R. R. Co.*, 94 N. Y. 641, 642; *O'Brien* v. *Young*, 95 id. 428, 430.)

BROWN, J. When the plaintiff rested his case and again at the close of the testimony the defendant moved to dismiss the complaint upon the ground that no proof had been given that the instrument sued upon had any consideration. These motions were denied and the court instructed the jury that the instrument was a promissory note and imported a consideration, and that the burden rested upon the defendants to show that it was without a consideration.

The exceptions to these rulings present the principal question argued upon this appeal.

The statute of this state in reference to promissory notes provides as follows (1 R. S. 768):

Sec. 1. All notes in writing, made and signed by any person, whereby he shall promise to pay to any other person or his order, or to the order of any other person, or unto the bearer, any sum of money therein mentioned, shall be due and payable as therein expressed; and shall have the same effect and be negotiable in like manner as inland bills of exchange, according to the custom of merchants.

Sec. 4. The payees and indorsees of every such note payable to them or their order and the holders of every such note payable to bearer, may maintain actions for the sums of money therein mentioned, against the makers and indorsers of the same respectively, in like manner as in cases of inland bills of exchange, and not otherwise.

Our statute is a substantial re-enactment of the statute of Anne (3 & 4 Anne, c. 9), which provided that: "All notes signed by a person promising to pay to another his, her or their order or to bearer" should be construed to be by virtue thereof due and payable to any such person to whom the same is made payable, etc., etc.

This statute was held by the courts of England to include within its terms a non-negotiable note. (*Smith* v. *Kendall*, 6

D. & E. 123 ; *Burchell* v. *Slocock,* 2 Ld. Raym. 1545 ; 3 Kent's Com. 77.)

In the case first cited Lord KENYON said : " A note may be made payable to ' A ' or bearer, ' A ' or. order, or to ' A ' only." Similar decisions were made by the courts of this state under our own statute. (*Downing* v. *Backenstoes,* 3 Caines, 137; *President* v. *Hurtin,* 9 Johns. 217 ; *Kimball* v. *Huntington,* 10 Wend. 675 ; *Hall* v. *Farmer,* 5 Denio, 484.)

In *Downing* v. *Backenstoes* a non-negotiable note was declared on as within the statute and the defendant demurred on the ground that the declaration did not allege the transaction and consideration upon which the note was given. The court gave judgment for the plaintiff, saying : " The very point was settled in *Green* v. *Long* (April Term, 1798) in conformity to the adjudications in Westminster Hall."

In *President* v. *Hurtin* it was said : " The note set forth is a good promissory note within the statute, though it has no words bearer or order. This is the established English law and the same rule is recognized by this court."

In *Kimball* v. *Huntington* the action was upon a due bill in this form : " Due Kimball & Kenston three hundred and twenty-five dollars payable on demand." Judge NELSON said : " The instrument is a promissory note within the statute. Neither the acknowledgment of value received or negotiable words are essential to bring it within the statute." (See also *Carver* v. *Hayes,* 47 Me. 257 ; *Franklin* v. *March,* 6 N. H. 364.)

No authority is cited in the courts of this state or of England holding that a non-negotiable note is not within the terms of the laws cited, and we are of the opinion that the language of our statute includes a note payable to a person without words of negotiability.

The instrument sued upon being, therefore, a promissory note within the statute of this state, it follows that it imports a consideration. By the express terms of the statute the sum of money therein mentioned is declared to be " due and payable as therein expressed." That it is " due and payable " according

to its terms is the legal conclusion which the court must draw from the instrument itself. A valid contract is thus declared to exist, and of course a consideration must be implied. Hence "value received" need not appear on the face of the note, as those words express only what the law implies. (*Hatch* v. *Trayes*, 11 Ad. & El. 702; *Hall* v. *Farmer*, 5 Denio, 484.)

The effect of laws which make promissory notes negotiable, or which authorize actions of debt upon them, though non-negotiable, is to take them out of the common-law rule which requires that every contract must be shown by the party who sues upon it, to be supported by a consideration, and enables the holder to maintain an action thereon without alleging or proving a consideration. In other words a consideration is implied from the character of the instrument. (*Peasley* v. *Boatwright*, 2 Leigh, 195; *Hatch* v. *Trayes, supra.*)

The English statute was enacted to settle the controversy that prevailed, whether under the customs of merchants promissory notes were negotiable.

They were thereby declared to be assignable or indorsable over in the same manner as inland bills of exchange were according to the customs of merchants, and holders were empowered to maintain actions thereon in the same manner as they might do upon any inland bill of exchange made or drawn according to the custom of merchants.

Our statute contains similar provisions. Promissory notes and inland bills of exchange were, by virtue of these laws, put upon an equality. They were made negotiable if they contained words of negotiability, but whether negotiable or not, and whether they expressed value received or not, it was no longer necessary in actions thereon to aver and prove consideration.

Such was and is the rule as to inland bills of exchange. (1 Daniel on Negotiable Inst. § 161; *Raubitschek* v. *Blank*, 80 N. Y. 479; *Averett's Admrs.* v. *Booker*, 15 Gratt. 163; *Wells* v. *Brigham*, 6 Cush. 6.)

And the same rule under the statute was made applicable to promissory notes. (*Townsend* v. *Derby*, 3 Metcalf, 363;

*Dean* v. *Carruth,* 108 Mass. 242; *Bank of Troy* v. *Topping,* 9 Wend. 277; 13 id. 557; Chitty on Bills [9th Am. ed.], 78–181; *Paine* v. *Nalke,* 57 How. Pr. 273; Story on Promissory Notes, § 51; 3 Kent's Com. 77, 78; 1 Parsons on Conts. [6th ed.] 249; 1 Parsons on Bills, 193.)

The statute does not require a note to express value received upon its face, and no definition of such an instrument requires the expression of that fact.

The note sued upon, although by its terms payable after the death of the maker, was a valid instrument.

A promissory note is defined to be a written engagement by one person to pay absolutely and unconditionally to another person therein named, or to the bearer, a certain sum of money at a specified time or on demand. (Story on Prom. Notes, § 1; *Coolidge* v. *Ruggles,* 15 Mass. 387.)

It must contain the positive engagement of the maker to pay at a certain definite time and the agreement to pay must not depend on any contingency, but be absolute and at all events.

Tried by this standard the instrument set out in the complaint was a valid promissory note. The fact that it was payable after the death of the maker did not affect its character. (3 Kent's Com. 76.)

It follows from these views that the motion to dismiss the complaint was properly denied, and there was no error in the charge of the court.

The point made by the appellant that the court erred in its charge as to the burden of proof on the question of consideration, assuming that evidence pro and con upon that question was given, was not raised at the trial. The proposition made by the defendant at the close of the judge's charge, and the only one to which an exception appears in the record, was as follows:

"In order that there may be no doubt about our position we ask the court to charge the jury that there has been no evidence given of consideration, and to direct a verdict for the defendant upon that ground."

The defendant having thus squarely planted himself on the ground that there was no evidence of consideration, and asked the court to direct a verdict in his favor, cannot now claim that there was evidence for the jury and that he was entitled to a different instruction from that given.

The defendant's claim all through the trial was that the note did not import a consideration, and that the plaintiff could not recover without proof of that fact, and his motion to dismiss the complaint and to direct a verdict in his favor, and his exceptions to the charge, all sharply present that question; but he nowhere claimed that he had given evidence which, if believed by the jury, overcame the presumption arising in favor of the note.

This clearly appears from the statement I have quoted.

The exceptions to the admission of evidence present no error, and the judgment should be affirmed.

All concur, except FOLLETT, Ch. J., and VANN, J., dissenting, and PARKER, J., not voting.

Judgment affirmed.