Frank Leslie, Respondent, *v.* George F. Bassett et al., Appellants.

Negotiable paper, transferred as security for or in nominal payment of interest to accrue upon an antecedent debt, is subject to all the equities existing between the original parties to it and to any defenses which would have been available to the maker had the paper not been transferred.

Where, therefore, there was a good consideration for a draft when it was accepted, but subsequently such consideration entirely failed, *held,* that the failure of consideration was a good defense to any action upon the paper brought by the transferee.

The American Exchange, a banking corporation, in pursuance of an agreement with B. & Co. accepted a draft drawn by A. & Co. for the amount of goods purchased of that firm by B. & Co., to which was attached a bill of lading of the goods, running in the name of B. & Co., and to reimburse it drew upon the latter firm for the same amount, with commissions added, payable before the maturity of the draft drawn by A. & Co. Said draft was accepted by B. & Co., and was transferred to plaintiff, who had loaned money to the Exchange as a security for or a conditional payment of interest to accrue upon her loan. Within two days thereafter the Exchange became insolvent and A. & Co.'s draft was never paid. In an action against B. & Co. upon their acceptance, *held,* that plaintiff was not a *bona fide* holder for value; that the consideration having failed the Exchange could not enforce the draft, nor could the plaintiff, who succeeded to its rights, and so, that the action was not maintainable.

(Argued December 9, 1891; decided January 20, 1892.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 5, 1891, which overruled defendants' exceptions ordered to be heard in the first instance at General Term and directed judgment in favor of plaintiff upon a verdict.

The action was brought to recover the amount of a draft drawn by the American Exchange in Europe (Limited), a banking corporation, upon and accepted by the defendants and indorsed and transferred by the drawer to the plaintiff.

The Exchange, by an agreement made with George F. Bassett & Co., the defendants herein, that it would accept drafts drawn upon it by Alcock & Co. for the amount

of goods purchased from them by defendants, accepted such a draft, and to reimburse it drew upon them for the same amount, with commissions added, payable before the maturity of the draft drawn by Alcock & Co. Such draft was accepted by defendants and transferred to plaintiff, who had loaned money to the Exchange as a security for or in nominal payment of interest to accrue upon her loan. Within two days thereafter the Exchange became insolvent and the draft drawn by Alcock & Co. was never paid.

Further facts are stated in the opinion.

*Joseph A. Shoudy* for appellants. Plaintiff occupies no better position than that of the original payee of the draft and can no more enforce it than could such payee. (*Farrington* v. *F. Bank*, 24 Barb. 554; *Wardell* v. *Howell*, 9 Wend. 170; *Rosa* v. *Brotherson*, 10 id. 46; *Payne* v. *Cutler*, 13 id. 605; *Weaver* v. *Barden*, 49 id. 286; *Lawrence* v. *Clark*, 39 id. 130; *Ontario Bank* v. *Worthington*, 12 id. 593; *Chesbrough* v. *Wright*, 51 N. Y. 662; *Turner* v. *Treadway*, 53 id. 650; *P. Ins. Co.* v. *Church*, 81 id. 222; *Coddington* v. *Bay*, 20 Johns. 637; 2 Rand. on Comcl. Paper, 131, § 538; *Mayer* v. *Heidelbach*, 123 N. Y. 332; *Buhrman* v. *Baylis*, 14 Hun, 608.)

*Charles E. Rushmore* for respondent. The indorsement of the bill of exchange in suit, and its delivery to Mrs. Leslie, did not constitute a diversion of the paper, and it is good in her hands, whether given to her in payment of a pre-existing indebtedness, or as collateral security thereto, or in absolute payment of a contemporaneous indebtedness, from the Exchange to her. (*G. Bank* v. *Penfield*, 69 N. Y. 504; *C. Bank* v. *Townsend*, 87 id. 8.) Mrs. Leslie, the plaintiff, is a *bona fide* holder for value of the draft in question, within the true meaning of the rule applicable thereto, and took the same without notice of any defects against it, and in the usual course of business. (*Meyer* v. *Heidelbach*, 33 N. Y. S. R. 611; *Young* v. *Lee*, 12 N. Y. 554; *Day* v. *Saunders*, 1 Abb. Ct. App. Dec.

495; 1 Daniels on Neg. Inst. [3d ed.] 773; *Bay* v. *Codding-ton*, 2 Johns. Ch. 637.)

ANDREWS, J.   According to the settled law of this state, as established in *Coddington* v. *Bay* (20 Johns. 637), and reaffirmed in subsequent cases, the plaintiff having taken the draft as security for or in nominal payment of interest to accrue on an antecedent debt, it was subject in her hands to any defenses which would have been available to the defendants in case the draft had not been transferred and the action had been brought by the drawees against the defendants as acceptors.   The plaintiff on receiving the draft surrendered no securities, extinguished no liability for the principal or interest of her debt against the Exchange, and the most favorable construction of the transaction in her behalf is that she received the draft as conditional payment of the interest to accrue on the loan.   It cannot be doubted that in case the draft was not paid, she would have recourse on her original obligation against the Exchange to recover the interest for which the draft was taken in nominal payment.   (See *Phœnix Ins. Co.* v. *Church*, 81 N. Y. 218, and cases cited.)

The plaintiff stands upon the right of the Exchange, and the right of the latter to recover if it still held the draft and had brought the action, is, in this case, a test of the plaintiff's rights. The real consideration of the draft in suit was the obligation assumed by the Exchange to accept and pay the drafts of Alcock & Co., drawn upon it for goods purchased by Bassett & Co. from Alcock & Co., Bassett & Co. desired credit for purchases to be made by the firm from Alcock & Co.   The Exchange agreed with Bassett & Co. to accept the drafts of Alcock & Co. upon its London house, at ninety days, drawn for goods sold by Alcock & Co. to Bassett & Co., of New York.   In order to put the Exchange in funds to meet its acceptances of the drafts of Alcock & Co., Bassett & Co. agreed to accept drafts drawn by the Exchange upon Bassett & Co. for equivalent amounts payable in New York, to mature twenty days before the drafts which it should accept drawn by

Alcock & Co. The control which was retained by the Exchange over the goods was intended as additional security for its liability on its acceptances. The Exchange was in no real sense the vendors of the goods. The goods represented by the draft in question were ordered by Bassett & Co. from Alcock & Co., were sent by the latter firm to the agent of Bassett & Co., in Liverpool, and were shipped to New York under bills of lading running in the name of Bassett & Co. which were attached to the draft drawn by Alcock & Co. upon the Exchange. The possession by the Exchange of the bills of lading enabled it to control the delivery of the goods in New York, and on arrival there the bills of lading were delivered to Bassett & Co. by the New York agent of the Exchange on receiving the draft in suit, together with a banker's trust receipt, to secure the application of the proceeds of the goods to the payment of the draft. Bassett & Co. have been at all times and are now liable as vendees of the goods to Alcock & Co.

There was, undoubtedly, a good consideration for the draft in question when it was drawn. But if the consideration has failed, the Exchange could not enforce the draft, nor can the plaintiff, who has succeeded to its rights, and stands in its shoes. The draft was transferred by the Exchange to the plaintiff on the 9th or 10th of April, 1888, within one or two days after its date. On the 12th of April, the Exchange was declared insolvent and a receiver was appointed. The evidence tends to show that it is hopelessly bankrupt. Its debts are unpaid. The plaintiff has received not to exceed $7,000 or $8,000 on her loan of $50,000, and this sum has not been realized out of the assets of the Exchange but out of individual securities of Gillig, assigned by him to the plaintiff. Bassett & Co., as has been said, are still liable to Alcock & Co. for the price of the goods, and if liable on the draft in suit will be compelled to pay for the goods twice over, leaving them as their only resource a worthless claim against a bankrupt concern. Under the circumstances disclosed by the evidence we are of opinion that neither the Exchange nor its

successor could maintain an action on the draft, and that the plaintiff as transferee is in no better position. We deem it unnecessary to consider whether the transfer of the draft to apply upon an antecedent debt of the plaintiff against the Exchange, was a wrongful diversion of the draft from the purpose for which 't was to be used. It is sufficient that the consideration has failed and this constitutes a good defense to the action.

The court, therefore, erred in directing a verdict for the plaintiff and for this error there should be a reversal of the judgment.

All concur.

Judgment reversed.