[Argued October 16; decided November 13, 1894.]

## WILSON *v.* WILSON.

[38 Pac. 189.]

BILLS AND NOTES—PRESUMPTION OF CONSIDERATION—CODE, §§ 3188, 3190.—
Where a promissory note is duly executed and delivered, a sufficient con-
sideration therefor will be presumed, though none is expressed.

APPEAL from Douglas: J. C. FULLERTON, Judge.

This in an action in behalf of the estate of Daniel Wil-
son, deceased, brought by Geo. W. Wilson, as the admin-
istrator thereof, by appointment of a probate court in the
State of Washington, against the defendant, upon his
promissory note, executed on December twenty-third,
eighteen hundred and eighty-eight, and made payable to
the said Daniel Wilson, now deceased, on or before twelve
months after date.   The defendant, by his answer, denies
the execution of said note and his liability thereon, and
for a further and separate defense alleges, in substance,
that on or about the —— day of ——, eighteen hundred
and eighty-eight, the defendant W. C. Wilson, and Daniel
Wilson, his father, were stockholders in the Green Moun-
tain Mining Company; that at said time they entered into
a partnership agreement whereby they were to take charge
of the company's mine and operate the same as equal
partners; that the father was to furnish sufficient money
to put the mine in paying condition, and to run the same,
and was to look to the partnership venture for his reim-
bursement; that he expended about twenty-three hundred
and eighty dollars in the business, and afterwards with-
drew from the partnership, and the son promised to pay
him the amount thus expended on condition that he should

NOTE.—The presumptions applicable to a suit on a negotiable instrument are pre-
sented in a note to *Commercial Bank* v. *Burgwyn* (N. C.), 17 L. R. A. 326.—REPORTER.

make it out of the mine; that defendant made and delivered his note substantially as set forth in the complaint, upon the condition that it was not to take effect, and that defendant was in nowise to be bound by it, until the mine should yield a sufficient amount to pay the same, over and above the expenses incurred in operating it, and that in the mean time the note was to be held merely as a memorandum; that the son has used and is still using all the means in his power to make said mine pay, and has expended a large amount of time, labor, and money thereon, but that it has not paid expenses; and further alleges that there was no consideration for the note. The reply puts in issue the material allegations of the answer.

Upon the issues thus joined, a trial was had without a jury, and the court, after hearing the evidence, made the following

### FINDINGS OF FACT.

"*First,* that in the year eighteen hundred and eighty-eight, and for some time prior thereto, defendant and one Daniel Wilson were partners in the Green Mountain Mine, in Douglas County, Oregon, and did operate the said mine as such partners. *Second,* that at or shortly before the time the promissory note was executed, upon which the action in this case is brought, the said Daniel Wilson withdrew from said partnership arrangement, and that thereafter the defendant herein conducted said mining business on his own account, but that there was no formal dissolution of the partnership between said Daniel Wilson and the defendant, and no settlement of the partnership affairs between said parties, other than the execution and delivery to the said Daniel Wilson by the defendant of two promissory notes amounting in the aggregate to twenty-three hundred and eighty dollars, one of which is the note upon which this action is brought. *Third,* that on the twenty-third day of December, eighteen hundred

and eighty-eight, the said defendant made, delivered, and executed to the said Daniel Wilson his certain promissory note for the sum of five hundred and eighty dollars, payable on or before twelve months after date, to the order of said Daniel Wilson, with interest from maturity at —— per cent. per annum, payable in gold coin at the Douglas County Bank, at Roseburg, Oregon. The said note further provided that in case suit was instituted to collect the same, that defendant would pay such sum as the court would adjudge reasonable as attorney's fee in said suit. *Fourth*, that at the time the said note referred to in the last finding of fact was executed by defendant the defendant was in possession as sole owner of the mine and the mining property mentioned in the first finding of fact herein, under an agreement with the said Daniel Wilson that said Daniel Wilson should have no further interest as a partner with defendant in the operating of said mining property. *Fifth*, that on the fourteenth day of November, eighteen hundred and ninety, the said Daniel Wilson died in the State of Washington, intestate. *Sixth*, that on the ninteenth day of December, eighteen hundred and ninety, the plaintiff herein was, by the probate court of Pacific County, Washington, appointed administrator of the estate of Daniel Wilson, deceased, and plaintiff is now, and has been since the date last aforesaid, acting as administrator of said estate. *Seventh*, that said promissory note nor any part thereof has been paid, and that the same is now due. *Eighth*, that one hundred dollars is a reasonable attorney's fee for bringing said action upon said promissory note.

### CONCLUSION OF LAW.

That plaintiff, as administrator of said estate of Daniel Wilson, deceased, is entitled to recover from the defendant, for the use and benefit of said estate, the sum of five

hundred and eighty dollars, with interest thereon at the rate of eight per cent. per annum, from December twenty-fourth, eighteen hundred and eighty-nine, and the further sum of one hundred dollars as attorney's fee for bringing said action. Upon motion of plaintiff, judgment was rendered, based upon these findings, in his favor and against defendant for the sum of seven hundred and thirty-five dollars, with interest thereon from August first, eighteen hundred and ninety-three, at the rate of eight per cent. per annum, and the further sum of one hundred dollars attorney's fee, and the costs and disbursements, and from this judgment the defendant appeals.        AFFIRMED.

Opinion by MR. JUSTICE WOLVERTON.

It is claimed by counsel for defendant that the findings of fact do not support the conclusions of law and judgment of the lower court, because, *first*, the first and second findings of fact show that the note in question was without legal or sufficient consideration; and, *second*, the third finding of fact does not show that the note sued on was given for value, and, therefore, does not show a consideration for the note. The further objection is made that the action is prosecuted by a foreign administrator, and that he is without authority to sue in the courts of this state. As to the contention of counsel regarding the first and second findings of fact, and that a foreign administrator cannot sue in the courts of this state, the decision of this court in the case of *Geo. W. Wilson, administrator*, v. *W. C. Wilson and Mary Jane Wilson*, arising out of the same transaction as the case at bar, and just decided (*ante*, p. 251), is decisive of both questions adversely to their contention, it being held that the latter question was waived by failing to demur to the complaint.

The first, second, and fourth findings of fact should all

be considered together in this connection.   The third find-
ing of fact is, in substance, that on the twenty-third day
of December, eighteen hundred and eighty-eight, the de-
fendant made, executed, and delivered to the said Daniel
Wilson his promissory note for the sum of five hundred
and eighty dollars, payable to the order of said Daniel
Wilson, with interest, etc.   This finding shows a valid
promissory note under the statute of this state.   It is
provided (Hill's Code, § 3188,) that "all notes in writing
made and signed by any person, whereby he shall promise
to pay to any other person or his order, or unto the bearer,
any sum of money therein mentioned, shall be due and
payable as therein expressed, and shall have the same
effect, and be negotiable in like manner, as inland bills of
exchange, according to the custom of merchants."   Sec-
tion 3190 further provides that "the payees and endorsers
of every such note payable to them or their orders, and
the holders of every such note payable to bearer, may
maintain actions for the sums of money therein mentioned,
in like manner as in cases of inland bills of exchange, and
not otherwise."   Such an instrument imports a considera-
tion, and will be presumed to have been executed for value
received unless the contrary is shown.   It is held in *Carn-
wright* v. *Gray et al.* 127 N. Y. 96, 24 Am. St. Rep. 424, 27
N. E. 835, 12 L. R. A. 845, under a statute almost iden-
tical with ours, that the words "value received" need not
appear on the face of the note, as the words express only
what the law implies.   See also *Flint* v. *Phipps*, 16 Or. 448,
19 Pac. 548; *Pinney* v. *King*, 21 Minn. 514.   The court hav-
ing found the due execution and delivery of a promissory
note, a sufficient consideration therefore is presumed; and
there being no evidence to overcome such presumption,
the finding supports the judgment.   The judgment of the
court below is affirmed.                      AFFIRMED.