JOHANNES H. JOHANNESSEN, Master of the Norwegian Steamship "Raylton Dixon," Plaintiff, *v.* JOHN MUNROE and Others, Defendants.

*Letter of credit — holder thereof for value — when the complaint must allege that the letter was made for a consideration — liability based upon an estoppel — motion to amend a complaint — when the granting or refusal thereof is discretionary.*

A letter of credit may be defined to be a letter of request, whereby one person requests another to advance money or give credit to a third, and promises that he will repay or guarantee the same to the person making the advancement, or will accept bills drawn upon himself for the like amount. It is called a general letter of credit when it is addressed to all persons generally, and a special letter of credit when addressed to a particular person by name. (Per O'BRIEN, J.)

Where it appears from the complaint in an action that the person sought to be charged, for a valuable consideration, issued a special letter of credit upon the

faith of which the plaintiff gave value for the benefits derived thereunder, or that the plaintiff, relying upon the faith of representations or statements of the defendants that the letter was issued for a valuable consideration, parted with value, a cause of action is stated; a right to recover in the latter case is based upon an estoppel. (Follett, J., dissenting.)

A person who accepts a special letter of credit in payment of a debt due is a holder thereof for value.

As to instruments other than promissory notes, particularly instruments in writing, such as special letters of credit, which are neither negotiable nor assignable, in order to charge the maker or drawer with liability it is essential to prove that such instruments were made for a consideration, unless such liability can be supported by an estoppel.

Allegations which are essential to be proved in order to maintain an action should be alleged in the complaint therein.

In an action brought upon a special letter of credit, unless the complaint shows that the defendants agreed, for a valuable consideration, that the draft would be accepted, or expressly in writing agreed so to accept it, or unless the plaintiff, upon the faith of such agreement to accept, parted with something of value to the person from whom he received the letter of credit, no cause of action is stated. An allegation that the defendants duly issued and delivered to a person the letter of credit, and that the defendants informed the plaintiff, before he accepted the letter of credit from the person to whom it was delivered by the defendants, that the same had been duly issued and was available for the full amount thereof, is not equivalent to a statement that a consideration had been given for the letter of credit. (Follett, J., dissenting.)

Such an allegation is, however, equivalent to alleging that the defendants stated to the plaintiff that the letter was valid, and that the obligation created by it would be met according to its terms; the plaintiff would thereby be justified in acting upon the faith of such representations, and where he does so act, receiving the letter of credit and giving therefor a valuable consideration by taking it in payment of a debt, the defendants will be held liable irrespective of the question as to whether or not they received any consideration for the letter of credit from the person to whom it was originally given. (Follett, J., dissenting.)

It is a matter within the discretion of the trial court to permit or to refuse to allow the amendment of a complaint upon the trial of an action.

Where an action was brought against the drawer of a special letter of credit it will add no strength to the cause of action to allege that the firm upon whom the letter was drawn was the same identical firm as that which drew the letter of credit but resident in another place.

Motion by the plaintiff, Johannes H. Johannessen, master of the Norwegian steamship *Raylton Dixon*, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the decision of the court rendered at the

New York Circuit denying the plaintiff's motion to amend the complaint, and granting the defendant's motion to dismiss the complaint.

*Wilhelmus Mynderse*, for the plaintiff.

*George A. Strong*, for the defendants.

O'Brien, J. :

The complaint, in substance, alleges that on February 28, 1892, the defendants issued and delivered to one Boe a letter of credit as follows :

" No. 5687

" Office of John Munroe & Co.,
     " Bankers, No. 32 Nassau Street,
          " New York, *February 26th*, 1892.

" Messrs. Munroe & Co., Paris :

" Gentlemen — We hereby open a credit with you in favor of Captain J. A. Johannessen, ss. ' Raylton Dixon,' for fifteen thousand francs (fcs. 15,000), available in bills at ninety days' date ; on acceptance of any bill or bills drawn under this credit you are to draw on Carsten Boe, New York, at seventy-five days' date, payable at the current rate of exchange for first-class bankers' bills on Paris on day of maturity.   Commission as arranged.

" Bills under this credit to be drawn at any time prior to May 1st, 1892.

" Truly yours,
          " JOHN MUNROE & CO.

" The above may be availed of in sterling if desired ; say six hundred pounds sterling (£600).

" J. M. & Co."

Boe, on March 10, 1892, being indebted to the plaintiff, gave and delivered to him the letter of credit, which the plaintiff accepted as payment by the said Boe at the full face value thereof.   Prior to acceptance, the plaintiff was assured by statements and representations of the defendants that it had been duly issued and was available for the full amount thereof in the manner provided by the

terms thereof. The plaintiff having accepted the letter of credit from Boe under such circumstances, thereupon caused notice to be sent to the defendants and duly drew his bill of exchange or draft upon Munroe & Co. at ninety days for £600 British sterling. The draft was presented for acceptance, and upon acceptance being refused, was protested, and notice given to the defendants; and it is for the whole amount of £600, equivalent to $2,912.60, together with the cost of protest and interest, that the plaintiff demands judgment.

At the beginning of the trial defendants moved to dismiss the complaint upon the ground that it did not state any cause of action. After an intimation by the court that the complaint should be dismissed, the counsel for the plaintiff requested to be allowed to amend by adding an allegation which would show that the defendants were co-partners doing business "under the firm name and style of Munroe & Company in Paris, France," as well as under the firm name and style of John Munroe & Co. in New York. The court denied the motion to amend, and thereupon granted the motion to dismiss the complaint, to which rulings exceptions were taken, which were directed by the court to be heard in the first instance at General Term.

The two questions, therefore, presented are: (1) Whether the complaint states a good cause of action; and (2) whether it was error in the court to refuse to permit the amendment as requested.

As stated in the American and English Encyclopædia of Law (Vol. 13, p. 237), " A letter of credit may be defined to be a letter of request, whereby one person requests another to advance money or give credit to a third, and promises that he will repay or guarantee the same to the person making the advancement, or will accept bills drawn upon himself for the like amount. It is called a general letter of credit when it is addressed to all persons in general, and a special letter of credit when addressed to a particular person by name." The letter of credit here sued upon being under all the definitions a special letter of credit, we shall confine ourselves to the rules relating to such an instrument. In the book already quoted, and under the sub-title of " Negotiability," it is said (p. 243): " There seems to be no doubt that a special letter of credit is not negotiable; especially is this true when it is more in the nature

of a guaranty than when it relates to bills of exchange." And again at page 240 : " In order to render the writer of a letter of credit liable, either upon an implied acceptance or agreement to accept drafts taken on the faith of such letter, the drafts must be taken for a valuable consideration."

In the well-considered case of *Evansville Nat. Bank* v. *Kauf-man* (93 N. Y. 277) we find certain principles and rules laid down for our guidance, which, though taken from their context, may, without introducing confusion, be grouped together. It is therein said : " The true distinction between general and special guaranties as contained in letters of credit is, that upon the faith of a general guaranty any person is entitled to advance money or incur liability upon complying with its terms, and can recover thereon the same as though specially named therein. In the case of a special guaranty, however, the liberty of accepting its terms is confined to the persons to whom it is addressed, and no cause of action can arise thereon except by their action in complying with its conditions. * * * The common-law rule applies to contracts of guaranty as well as to other contracts; that a consideration is necessary to render them valid, and that unless such consideration be acknowledged by the contract itself, it is still necessary to prove one in order to recover thereon. * * * In the case of a special guaranty, the consideration necessary to support the promise may be either one furnished by the principal to the guarantor or by the promisee to either the principal or some third person, according to the terms of the guaranty. A general letter of credit is addressed to and invites people generally to advance money, give credit, or sell property, in reliance upon it, and when this is done the contract is complete and the acceptor becomes a party to it and may enforce it for his own benefit. * * * In all of the cases cited where guarantors have been held liable even to third persons upon such instruments, the letter embraces either an express or implied request to such persons to advance value upon the faith of the paper therein described, and it is because they have parted with value upon such request that the liability of the promisor to them is predicated."

Where it appears that the person sought to be charged, for a valuable consideration, issued a letter of credit, and that upon the faith of it the plaintiff gave value for the benefits thereunder, a cause of

action is stated, and, we think, in addition, that if the plaintiff, relying upon the faith of representations or statements of defendants that the letter was issued for a valuable consideration, parted with value, then a cause of action is stated. A right to recover in such case is based on an estoppel. The complaint does not allege that the letter of credit was issued for a valuable consideration, the theory upon which a right to recover is based being that, having inquired and been assured by defendants that the letter of credit was duly issued and available according to its terms, the plaintiff then accepted it in payment of an indebtedness. Under the decisions, this constituted the plaintiff a holder for value, the law being that one who accepts a letter of credit in payment of a debt due is a holder for value. This letter does not purport on its face to have been issued for value received; and the question, remains, notwithstanding the fact that the plaintiff is a holder for value, whether a good cause of action is stated without an allegation showing that it was issued by defendants for a consideration.

Were this a promissory note, or governed by similar rules, then it would not be necessary to allege that it was issued for a consideration, it having been held, in *Underhill* v. *Phillips* (10 Hun, 591), that in an action on a negotiable promissory note it was not necessary to allege or prove a consideration; and in *Carnright* v. *Gray* (57 Hun, 518; affd., 127 N. Y. 92) it was held that it was not necessary to prove value in an action on a negotiable promissory note. These decisions are based upon the statute in this State relating to promissory notes, and upon the privilege which promissory notes, like bills of exchange, enjoy (a privilege not conceded to other unsealed instruments), of being presumed to be founded upon a valuable consideration. (Story on Prom. Notes [7th ed.], 234, § 181.)

With respect to letters of credit, Daniells on Negotiable Instruments (3d ed., § 1790), says: "While not possessing all the characteristics of negotiability which pertain to bills and notes [they] partake of them to such an extent as to be necessarily classed as negotiable instruments." We find, however, no authority in this State which goes to the extent of holding that a special letter of credit, such as is here in question, is negotiable.

As to instruments other than promissory notes, therefore, particu-

larly instruments in writing, such as special letters of credit, which are neither negotiable nor assignable, in order to charge the maker or drawer with liability, it is essential to prove that such instruments were made for a consideration, unless such liability can be supported by an estoppel. Allegations which are essential to be proved should be alleged. Applying these principles to the case at bar, we think that unless the plaintiff states a good cause of action upon the theory that, as the result of the representations made by the defendants, he accepted the letter in payment of Boe's indebtedness, thus becoming a holder for value and so entitled to avail himself of the terms of the letter of credit, then the dismissal of the complaint was right. (See *White's Bank* v. *Myles*, 73 N. Y. 337; *Birckhead* v. *Brown*, 5 Hill, 634; *Evansville Bank* v. *Kaufmann*, 93 N. Y. 273; *Leslie* v. *Bassett*, 129 id. 525.)

This we regard as the sole theory upon which the complaint can be supported, as we do not think there is much force in the other grounds relied upon, one of which is that the refusal of Munroe & Co., of Paris, to accept the draft created some liability as against the defendants. The defendants could not be held liable for the refusal of Munroe & Co., of Paris, to accept, unless, for a consideration, they contracted that they would accept, or unless because of plaintiff being a holder for value, to whom representations were made, the defendants as against him are estopped. Practically then the question narrows down to the construction to be given to the language of the complaint. If it therein appears that the defendants contracted with the plaintiff for a valuable consideration that Munroe & Co., of Paris, would accept plaintiff's drafts, or if plaintiff parted with value upon the faith of the letter of credit in a way to create an estoppel, then the complaint is sufficient.

Upon the first branch plaintiff insists that the words in the letter of credit, " commissions as arranged," are a statement of a consideration to the defendants, while the defendants as strenuously insist that they have no such meaning, but are a more condensed method of saying to the Paris house, " Arrange your commission with plaintiff if you act on this letter." There is no statement in the complaint of a consideration having been paid to the defendants by any one, and the attempt to resort to these words as an equivalent to such an allegation is clearly an afterthought, and as an afterthought

we think it without force, and we accept the construction contended for by the defendants.

It is further insisted, however, by the plaintiff that " there is another aspect to the relation of the parties. The defendants constituted Boe their agent to deliver the letter of credit, and they are bound by his acts, and are chargeable in law with the receipt of the consideration paid to him by the plaintiff, and are liable to the plaintiff in this action for the amount or value of the letter of credit." If there is any strength in this argument it arises, not from the different aspect in which we may regard the relation of the parties, but from that portion which states that the defendants are chargeable in law with the receipt of the consideration paid to Boe by the plaintiff, which brings it back to the same position from which we have been considering it.

Our conclusion, therefore, is that unless the complaint shows that the defendants agreed for a valuable consideration that the draft would be accepted, or expressly in writing agreed so to accept it, or unless the plaintiff, upon the faith of such agreement to accept, parted with something of value to Boe from whom he received the letter of credit, then no cause of action is stated. In the latter alternative the complaint is sustainable upon the theory of an estoppel, which from its nature requires the support of a consideration. In other words, unless there is a parting with value it is difficult, if not impossible, in any given case, to create an estoppel. Here it is alleged that the defendants duly issued and delivered to Boe the letter of credit, and that the defendants informed the plaintiff before he accepted it that the same had been duly issued and was available for the full amount thereof. This we do not regard as equivalent to a statement that a consideration had been given for the letter of credit. It was, however, equivalent to saying to the plaintiff that it was valid, and that the obligation created by it would be met according to its terms. This certainly would justify the plaintiff in acting upon the faith of such representations, and where, as here, he did so act and received the letter of credit, giving therefor a valuable consideration by taking it in payment of a debt (which, upon all the authorities, would make him a *bona fide* holder for value), we do not see why, upon such facts, the defendants should

not be held liable. In other words, the defendants having, upon the application of Boe, extended to the latter a credit available in favor of the plaintiff, which the plaintiff received, but which, before taking, he inquired about from the defendants as to its availability according to its terms, and, after assurances such as were here given, it having been then received by the plaintiff for value, we think that, irrespective of the question whether or not the defendants received any consideration from Boe therefor, the plaintiff, as against the defendants, is entitled to recover.

With respect to the other question as to the amendment it was clearly a matter of discretion; nor by the refusal was the plaintiff injured. The action being against the drawer, it would add no strength to the cause of action to allege that the firm upon whom the letter was drawn was the same identical firm but resident in another place. Its liability is predicated upon its refusal to secure to plaintiff the credit as provided in the letter, and whether, as proof of this, it is shown that the defendants themselves, or some house upon whom they drew the letter, refused to pay the draft, would not strengthen the plaintiff's position. If, by reason of the issuance of such letter, the plaintiff secured rights as against the defendants, he can maintain this action as against them, whether they drew the letter of credit upon themselves in Paris or upon some other firm.

We think, therefore, that the exceptions are well taken, and that there should be a new trial, with costs to plaintiff to abide the event.

VAN BRUNT, P. J.:

I concur in the conclusion arrived at by Mr. Justice O'BRIEN in the case at bar. But I do not concur in his definition of what is *now* understood in the commercial world as a letter of credit. In the disposition of the question involved in this case there seems to be no necessity for a discussion upon that point. It appears that the plaintiff took this letter of credit for value, accepting it as payment for a debt due by the person from whom he received it. Prior to its acceptance the plaintiff made inquiry of the defendants, and was assured by them that it had been duly issued and was available for the full amount thereof, in the manner provided by the

terms thereof. The defendants having made this representation upon which the plaintiff accepted the letter of credit for value, are estopped from alleging that it was issued without value, or because of fraudulent representation. The plaintiff having taken it in good faith for value, after the representations made, has an undoubted right to enforce it.

It is suggested by Mr. Justice FOLLETT that the representation was simply that the letter was genuine and available according to its terms. If the letter was genuine and available according to its terms it is difficult to see why the plaintiff has not a right to enforce it ; and if it turned out not to be available according to its terms, why he has not a right to recover the damages sustained.

The exceptions should be sustained and a new trial ordered, with costs to the plaintiff to abide the event.

FOLLETT, J. (dissenting) :

This action is to recover on a special letter of credit, issued February 26, 1892, by the defendants, bankers of New York, to Carsten Boe, and addressed to Munroe & Co., bankers, of Paris, France, for £600 sterling. March 10, 1892, this letter was delivered by Carsten Boe to the plaintiff in payment of a debt for £600 sterling, and, on the same day, the plaintiff drew his bill of exchange on Munroe & Co., of Paris, France, for £600, which that firm refused to honor, upon the ground, as it is alleged in the answer, that the letter was issued without consideration, and was obtained by fraud. Aside from certain excepted cases, a plaintiff who seeks to recover on a contract must allege and prove a consideration for the promise. The excepted cases are contracts under seal, contracts executed pursuant to a statute, promissory notes and inland bills of exchange. (1 R. S. 768 ; *Carnright* v. *Gray*, 127 N. Y. 92 ; Moak's Van Santv. Pldgs. 164.) If the contract sued on recites a consideration, and is set forth in the complaint, it is a sufficient allegation of a consideration. The case at bar does not fall within any of the exceptions. It is not alleged in the complaint that the defendants received a consideration for the letter of credit, or that they ever represented that they did, and a cause of action is not stated. It is urged that the defendants are estopped from denying that they received a consideration for the letter. This argument is founded on the allega-

FIRST DEPARTMENT, FEBRUARY TERM, 1895.   [Vol. 84, Hun.]

tion that defendants represented to the plaintiff " that said letter of credit had been duly issued by them, and was available for the full amount thereof in the manner provided by the terms of the said letter of credit or advice." This was but a representation that the letter was genuine and available, according to its terms. By its terms no action could be maintained thereon by Carsten Boe without alleging and proving a consideration therefor. It is not alleged that defendants knew when said representation was made that the plaintiff was about to take the letter from Carsten Boe in payment of a debt, or for any purpose or in any manner. There is no estoppel in the case, and the plaintiff stands in the shoes of Carsten Boe. The plaintiff's exceptions should be overruled, his motion for a new trial denied, and a judgment ordered for the defendants, with costs.

Exceptions sustained and new trial ordered, with costs to plaintiff to abide event.