O’BRIEU, J.
—In considering this case upon the former appeal, I reached a conclusion, as shown by the opinion (84 Hun, 594, 32 H. Y. Supp. 866), that:
“As to instruments other than promissory notes, particularly instruments in writing, such as special letters of credit, which are neither negotiable nor assignable, in order to charge the maker or withdraw the liability, it is necessary to prove that such instruments were made for a consideration, unless such liability can be supported by an estoppel. * * * Applying these principles to the case at bar, we think that, unless the plaintiff states a good cause of action upon the theory that, as the result of the representations made by the defendants, he accepted the letter in payment of Boe’s indebtedness, thus becoming a holder for value, and so entitled to avail himself of the terms of the letter of credit, then the dismissal of the complaint was right.” See cases cited.
Upon the trial, evidence was offered tending to show that the claim of Johannessen had been placed in an attorney’s hands for collection, and upon the strength of the letter of •credit which was accepted in payment legal proceedings were stayed. And in marshaling the evidence the learned trial judge, in his charge to the jury, to which no exception was taken, said:
“That then Captain Johannessen, having this claim * * * against Boe, came to Butler, Stillman & Hubbard’s office, arid consulted them with reference to this ’ matter with Boe, and that these attorneys, acting for him, wrote a letter to Boe with reference to an indebtedness, and intimated that proceedings would be taken unless the indebtedness was paid. Thereupon Boe offered $500 in cash, if I remember the amount right, and this letter of credit, in payment of the indebtedness then existing, and which was about to be enforced; that being the difference between the amount *978 of two charter parties of the same ship, and for which difference Boe was liable. * * "x' That they, [referring to those representing Johannessen] went to the office of John Munroe, and had a conversation with Mr. Munroe, in which Munroe stated and represented that this letter of credit was issued by his house; that it was a good and genuine letter of credit. * * *”
The jury has found that the representations were made to-the plaintiff before acceptance of the letter of credit, and that-thereafter, and as a consequence, he agreed that his attorneys; should not proceed legally to enforce the claim, and he thereupon-discharged Boe from his indebtedness by receipt in full. It thus appears that the plaintiff did forego his then right to-enforce his claim by legal proceedings, and accepted the letter of credit in payment of an indebtedness. Mr. Justice In-graham concedes that, if this were a promissory note, and received under like circumstances by the plaintiff in payment of' an indebtedness, which was receipted for and discharged, the. plaintiff could recover. Daniels, Meg. Inst. (3d ed.) § 1790, says with respect to letters of credit:
“ While not possessing all the characteristics of negotiability which pertain to bills and notes, [they] partake of them to-such an extent as tobe necessarily classed as negotiable instruments.”
The jury having concluded that the representations were made, and it now appearing that the plaintiff, in whose favor the draft was made, received it in payment of an indebtedness, for which plaintiff receipted in full, and gave up his then right to enforce it legally, it seems to me that, under the law as-ex pressed upon the former appeal, the judgment should be affirmed. I therefore dissent from the opinion in favor of reversal.
YAM BRUMT, P. J., and WILLIAMS, J., concur.